Chief Jostioe Marshall
delivered the opinion of the Court.
This case comes up now upon a decree adjusting the accounts between the estate of James Woods, deceased, of which John Woods is administrator, and J. Nelson, who acted as executor under the supposed will of James Woods, which has been annulled, and who is now represented by Chambers, his executor; and also settling the accounts between said estate and Fielding Woods, &c.; also between said estate and the present administrator, J. Woods, and after decreeing payment of the balances in the two first accounts, distributing the estate of the decedent, James Woods, among his distributees.
J. Woods, the administrator and others, complainants with him in the original bill, assign errors in the decree-upon each of these subjects, which will be presently noticed. The defendants in error plead in bar the affirmance of a former decree between the same parties, as: reported in 9 B. Monroe, 600. But the defendants, reply, and on inspection of the former opinion and record, it appears to be the fact that the matters finally-disposed of by the decree now before us, were, by the-former deci’ee, referred to a commissioner under interlocutory orders, and were not involved in the affirmance. The plea, therefore, is no bar to the present-writ of error.
An executor paid posed legatee ivhieh was subte^b^a settleadmini^rato/he should be credit-sod píd^where legateeSwasSed creditor of the estate to that a* mount.
holds e<!^°dsW of his supposed tesíor°i n teres tupon handsto the aámmistTaior upon the will under whichhehadcol* aUeadstfromnüié fb?eanf account1 and no refunding ry. Suchexecupaíd fc°his ser* they3 were"arservlceable.
We proceed to notice the objections to tiie several branches of the present decree in the order in which they have been already mentioned, referring to the former opinion for a general statement of the facts and for the principles then settled.
1. The present decree is erroneous in not charging Nelsons’s estate with $700 instead of $625, on account 0f the two slaves sold by him under a clause of the supposed will. This item is explained in the former opinion, which intimates the propriety of charging the $700. The crecdt f°r $B25 paid to F. Woods as his portion of the price of said slaves was properly given in the decree to Nelson’s executor, because, although F. Woods was not entitled to it under the will as supposed, yet as he was a creditor of James Woods’ estate, said sum should 7 operate as a credit on his claim, and being thus available to that estate, should be credited to Nelson, the executor, who is charged with the entire sum of $700, and in fact with the whole estate that came to his hands.
But we are of opinion that Nelson’s estate should be char§ed interest on the balance in his hands from the filing of the present bill, which was a very short time after the supposed will was set aside, and after ad-m¡aistration was granted to J. Woods. At that time Nelson was no longer executor, and it was his duty to . J pay over to the administrator the assets remaining m ^ hands- And not being further responsible for debts ^ any«due by tlie estate, no refunding bond was necessary. As he will obtain credits for all proper payments, the balance against him constituted a fund due immediateiy to the lawful administrator. Such part of it as actuaity remained in his hands, he unjustly detained, though demanded by this suit, and for such part as was wrongfully paid over to the supposed devisees, together, with the interest thereon, he held an indemnity .which has, in part, been decreed, including interest. Thus, upon a considerable portion of the fund, his estate makes interest by the decree, while it is cha.rgedi with none.
An executor ot such an executor should not be paid for his services where the will was vacated and the first executor died during the pendency of the suit for vacation — tho’ he may charge the estate of his testator.
We are also of opinion that Chambers, as executor of Nelson, is not entitled to charge the estate of Woods for his services as executor. His testator who died in the progress of this suit, was never a rightful executor, and at his death had no pretence of being so, but was simply the debtor of J. Woods’ estate; and Chambers, as his executor, has no more right to charge that estate for his trouble in accounting or in paying over the assets, belonging to it, than to charge any other creditor or claimant for similar acts. His services, as executor, were rendered to the estate of his testator, Nelson, and are chargeable against it, not against the creditor.
Upon the question whether Nelson was entitled to commission or compensation for his services and expenses, the former decree directed, in substance, that so far as these were serviceable to the estate the allowance should be made, and this Court intimated its approbation of the principle; but the allowance not having been then made, its proper extent or measure was not finally determined. The principle is that as far as the acts of the temporary executor were useful and available to the estate, he should be compensated. So far as he collected and disbursed the fund for the benefit of the estate, and ■ in a manner available to it, his services were as beneficial as those of a rightful executor would have been, and he is entitled to the usual compensation. The difficulty is in determining whether he is entitled to any, and if any, to what compensation with respect to that part of the fund which having come to his hand, has been retained or wrongfully paid out, and for which he is still liable. It would seem to be manifestly unjust to make the estate twice chargeable with full commissions on this large portion of the fund. If, upon the annulment of the will and the appointment of an administrator, Nelson had paid, over this fund, as he should have done, it might have been just to have allowed him commissions for the collection, and to have allowed the administrator commissions for disbursing it. But as the fund has been withheld and is only to be obtained after a tedious litigation, there seems *232 to be no ground for refusing to the administrator the full commissions usually allowed, both for collection and disbursement. And the estate, that is the distributees and creditors, if any, have received no advantage from the collection of this part of the fund by Nelson, but the doubtful one of reducing the claims against various individuals to a single demand against his oto estate. He would seem, therefore, to be entitled to no commissions for collection, except to the extent that he has also made available disbursements, unless he has to a greater extent benefitted the estate by converting perishable property into money or debts, or by settling litigated claims against it, or by incurring some extraordinary expense or trouble advantageous to it. For which, if done, he might be entitled to an allowance. But we do not perceive that any thing of that kind has been done. This point, however, will be left open, as the case will be sent back for a restatement and further settlement of the accounts upon the principles above stated. And we only say at present, that as. the case now appears, the allowance of $100 as commissions, seems to be more than twice as much as five per cent, upon the sum collected and availably disbursed would produce. This item is, therefore, deemed erroneous. The sum of $10, paid to counsel for advice in the management of the estate, was properly allowed.
The administrator of James Woods is entitled to a decree against the estate of Nelson for the balance which shall appear in favor of the former upon a statement and settlement of the account, introducing into the former statement by the commissioner the corrections above indicated, with interest on that balance from the filing of the original bill in this case. The result will be a considerable increase of the sum decreed in favor of the administrator of Woods against the executor of Nelson.
2. The account between Fielding Woods, &c., and the estate of James Wood allowing interest to the former , and applying the payments as credits at their date’, *233 Is properly stated, except that Fielding Woods is not charged, as he should have been, with the sum of $125$ paid to him as his portion of the price of the two slaves above referred to, of which he was supposed to have been entitled to one-fifth as devisee under the annulled will. This payment should be credited at its date so as to stop the interest upon so much of his claim against the estate of James Woods, and will of course greatly reduce it, if it does not extinguish the balance now appearing in favor of Fielding Woods.
We have not been able to find in the present record any ground for decreeing $173, or any other sum to Fielding Wood in addition to the balance reported in his favor by the commissioner, but will not decide absolutely against it,- as the case is to go back for a re-statement of the accounts, and the Chancellor may point out some fact or principle requiring its allowance, which has escaped our notice. Should a balance be found against Fielding Woods upon a re-statement of the accounts, it should be ascertained in the decree, and either directed to be paid out of assets by the administrator of James Woods, or reserved for a settlement of that estate between his administrator and distributees.
3. As the fund which is or may be in the hands of the administrator for distribution will be considerably increased by correcting the errors above noticed in the decree before us, so much of that decree as fixes the sum to be distributed, is, of course, erroneous, and in fact that portion of the decree should fall with the pre. vious portions on which it is based. The decree against the administrator is, 2noreover, erroneous in decreeing payments and disti’ibution absolutely, as it seems to do, when the fund from which they should be made is not in his hands, but is nearly all of it in the hands of Nelson’s executor. The decree for distribution may, on-other grounds, have been premature. But we are not prepared to say that the Court was not oris not authorized by the pleadings to deci’ee a settlement and distribution in this case, and upon the basis of the accounts-to be corrected as herein indicated, unless it should ap- *234 pear that the estate owes debts not brought into those, accounts. But as the decree on this branch, as well as on the others, is to be reversed and remanded, we remark that we do not perceive the grounds on which the administrator is credited by $104 75 as the taxed costs of this suit, and by the further sum of $125 for his personal service and costs in this suit. And although the data for correcting these items, if they should be corrected, are not furnished by the present record, we are not to be understood as approving them. The allowance to the commissioner, though liberal, is not excessive, and should have been objected to in the Circuit Court, if deemed too high. With regard to the costs of this case in the Circuit Court, we understand that complainants and defendants in the original and cross-bills, so far as they relate to the matters referred to in this opinion, were left to pay their own costs, respectively. And although there might have been some, ground for decreeing Nelson’s estate and F. and S. Woods to pay a portion of the complainant’s costs on the original bill, and such discrimination may yet be made; yet as the parties on all sides have been in the wrong, the complainants in the original and cross-bills in setting up, and insisting on unjust demands, and the defendants in resisting and withholding just ones, we shall simply reverse the entire decree as between the representatives of Woods and the representatives of Nelson, and between them and Fielding Woods, &c., to be corrected as above directed, leaving to the Circuit Court the same discretion as to the costs which it had before the decree under revision was rendered.
Wherefore, the entire decree as between the parties just referred to, including the decree against Woods’* administrator for payments and distribution, is reversed, and the cause remanded for a restatement of the accounts, and for a decree thereon according to the principles of this opinion. The plaintiffs in error are enti,; tied to their costs in this Court, to be paid one-third by Fielding Woods, and the residue by the executor of Nelson.
Turner for plaintiff; Caperton for defendant.
. This reversal does dot affect the decree in favor of Nelson’s executor against Fielding Woods, Simpson Woods, Railsback, and the Váughns, which is riot cornplained of.