[No. 5666.]

## IN THE MATTER OF THE ESTATE OF HENRY FREY, DECEASED.

PROBATE PRACTICE—LETTERS TESTAMENTARY. — If the Court orders letters to issue to one person, the issuance of letters to another is unauthorized and void.

COMMISSIONS OF EXECUTOR. — A person acting as executor under void letters testamentary is not entitled to commissions, fees, or charges.

COMMON PROPERTY.—A testator cannot dispose of more than one-half of the common property by will.

WILL—ELECTION.—The surviving wife, by acting and taking under the will in this case, will not be deemed to have renounced her rights in the common property.

APPEAL from the Probate Court of the County of Sacramento.

Henry Frey died January 24th, 1874, leaving a will, by which, after the payment of his debts and expenses of administration, he gave one-half of all his property to his wife, Rosine Frey, and the other half to the children of Jacob Frey, his brother, and nominated said Rosine Frey and Jacob Frey executrix and executor.

Said will was admitted to probate in the Probate Court of the County of Sacramento, February 9th, 1874, and Rosine Frey appointed executrix, and on the 13th of February, 1874, letters testamentary were issued to her.

February 18th, 1874, executrix filed inventory and appraisement of all the property belonging to estate.

February 25th, 1874, homestead set aside with certain personal property for use of widow, and allowance made widow.

March 30th, 1874, order directing Joseph Frey to be appointed executor.

March 31st, 1874, letters testamentary issued to *Jacob* Frey.

May 15th, 1876, Jacob Frey filed an account of his administration.

May 22nd, 1876, Rosine Frey filed account.

June 12th, 1876, Rosine Frey filed her contest and objections to the allowance of the claim or account of Jacob Frey, filed May 15th, 1876.

December 26th, 1876, the Court made an order settling and allowing the account of Rosine Frey, and a decree of distribution.

December 28th, 1876, Curtis & Clunie, on behalf of Jacob Frey, an executor, gave notice of motion to set aside decree of distribution, and an order settling claim of Jacob Frey as executor.

January 22nd, 1877, Court made an order setting aside the decree of distribution entered December 26th, 1876, and took the account of the said Jacob Frey, executor, and the petition of Rosine Frey, executrix, for distribution under advisement.

February 19th, 1877, the Court made an order settling the account filed by Jacob Frey, and allowing his claim for seven hundred and two dollars and one cent.

March 8th, 1877, the Court entered a decree of distribution by which said Rosine Frey as executrix is ordered to pay of the moneys in her hands seven hundred and two dollars and one cent to said Jacob Frey, and distributing the remainder thereof, to wit, one-half thereof to said Rosine Frey, and the other half to the children of said Jacob Frey.

From the order of the Court allowing the claim or account of Jacob Frey as executor, made February 9th, 1877, and from the order of distribution, made March 8th, 1877, Rosine Frey, as executrix of the estate of Henry Frey, deceased, appeals.

*P. Dunlap*, for Appellant.

I.  *Jacob* Frey was never appointed executor by the Probate Court.   (Sec. 1349, Code Civil Procedure.)

II. The letters testamentary issued to Jacob Frey, March 11th, 1874, was and is void, because issued without Jacob Frey having been appointed executor by the Court. (Sec. 1349, Code Civil Procedure.)

III. Rosine Frey, as the surviving wife of the said testator, was entitled to have distributed to her one-half of the whole estate unaffected by the will of the deceased. " Upon the death of the husband one-half of the community property goes to the surviving wife, and the other half is subject to the testamentary disposition of the husband." * * * (Sec. 1402, Civil Code; Estate Silvey, 42 Cal. 212.) And to one-half of the property subject to testamentary disposition under the will of the testator. (*Beard* v. *Knox*, 5 Cal. 252.)

*Curtis & Clunie*, for Respondent.

1. Jacob Frey was appointed executor by the will of Henry Frey, and letters testamentary were issued to him. The mistake in the name in the order appointing him executor is but slight, and the Court will not regard trifles. (Code Civil Procedure, sec. 475.) If advantage could be taken of the error in the order appointing executor, it must be by appeal from the order taken within sixty days from its entry. (Code Civil Procedure, secs. 939, 969, 1715.)

2. The executor is entitled to charge for his expenses in attempting to administer. (Code Civil Procedure, sec. 1616; Williams on Ex. 1961; *Estate of Simmons*, 43 Cal. 551.) The compensation allowed to executors is discretionary with the Probate Court, and will not be interfered with by the Court of Appeals. (*Ramsey* v. *Ramsey*, 4 Mon. 151.

3. Though a testator has no power to dispose of but half of the common property, still if he attempts it his wife must elect; she cannot take her half under the law and then half of the balance under the will. (*Morris* v. *Bowman et al.* 29 Cal. 337, and cases cited; 1 Jarman on Wills, 374; 2 Story's Equity, 465; Equity Jurisprudence, 465; *Reaves & Wife* v. *Garrett's Ad.* 34 Ala. 558.)

By the COURT:

The letters testamentary issued to Jacob Frey were unauthorized and void, for the reason that the order directed the letters to be issued to the petitioner, Joseph Frey.

The letters testamentary issued to Jacob Frey being void, he was not entitled to commissions, fees, or charges as an executor in the settlement of the estate of said testator.

If the property in this case was common property, (on the argument it was so conceded) the testator had power to make a testamentary disposition of only one-half thereof, subject to the payment of debts, and the remaining half would vest in the surviving wife of the testator. The surviving wife, by applying for and receiving letters testamentary, and by claiming and taking under the will, will not be deemed to have renounced her rights to the one-half of the property as common property.

Orders reversed and cause remanded for further proceedings in accordance with this opinion.