Let a decree, therefore, be drafted settling the accounts of the executors as indicated and directing that the estate be turned over to them as trustees to be held for that purpose of the trust.

Decreed accordingly.

---

(49 Misc. Rep. 386.)

## In re FREEL'S ESTATE.

(Surrogate's Court, Kings County. February, 1906.)

EXECUTORS—COMMISSIONS.

Where the assets of an estate consist of various kinds of property, most of which has not been converted into cash, and under the will the estate was to. be managed in the first instance by the executors and then turned over to themselves as trustees, the executors are entitled to full commission on the property to be turned over to them as such trustees.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 2089.]

In the matter of the estate of Edward Freel. In proceedings on judicial settlement of accounts of executor. Decree rendered.

M. F. McGoldrick, for executrix.
Ketcham & Owens, for executor.

CHURCH, S. Upon the presentation of the decree for signing, on the decision recently made herein, the question is raised as to the basis upon which the commissions shall be computed. It appears that a large portion of the assets of the estate consists of various kinds of property which the testator owned in his lifetime, and which have not been converted into cash. The executrix contends that the commissions to the executor and herself should be computed, simply, upon the actual cash received and paid out by them in that capacity. The executor, on the other hand, maintains that all commissions should be based upon the entire value of the estate.

The case of McAlpin v. Potter, 126 N. Y. 285, 27 N. E. 475, upon a cursory examination, apparently sustains the contention of the executrix. A careful study of that case, however, will disclose the following somewhat unusual facts. The will there in question gave the entire property to trustees to hold upon certain trusts and to pay certain obligations of the deceased. Upon the resignation of the trustees, the question arose, therefore, as to whether or not they were entitled to commissions, first, in their capacity as executors; and, next, in their capacity as testamentary trustees. The court held that under the peculiar will in the case there were no duties upon the executors as such and, therefore, only an allowance of single commissions could be made to the persons named as testamentary trustees; and that as the securities which thus came into the trustees' hands, directly from the deceased, had not yet been converted into money, an allowance, based upon the value of the same, was premature. This case has been very carefully considered by the learned surrogate of Westchester county in an elaborate opinion which was adopted by the Appellate Division

in its entirety without any further addition thereto. This case is Matter of Curtiss, 9 App. Div. 285, 37 N. Y. Supp. 586, 41 N. Y. Supp. 1111, in which it was held that, where the duties of the executors and the testamentary trustees were distinct and where the executors ceased, they were required to turn over the estate to the testamentary trustees, the trustees had the right to elect to take it in the form in which it was left by the testator, provided it was unnecessary to convert it for the purpose of paying debts or legacies, and that, by making such election, it did not deprive them as executors of the commissions thereon, notwithstanding the fact that the same persons were both executors and trustees.

The decision of this case, therefore, largely turns upon the question of whether this estate passes directly to the persons named as testamentary trustees, to be held as such, or whether it is to be deemed within the management of the executors until they close their trust and then turn it over to themselves as such testamentary trustees. In McAlpin v. Potter, supra, there was not the slightest question but that a complete trust was created by the provisions of the will. In the case at bar it has been necessary carefully to construe the will to determine whether an implied trust was created or not. Matter of Freel, 49 Misc. Rep. ——, 99 N. Y. Supp. 505, just decided. While there is only one beneficiary, who is also one of the trustees in question, yet it plainly appears to me, from the character and condition of the estate of the testator, that it was intended to be managed in the first instance by the executors, in consequence of the necessary obligations in regard to the same, and then turned over to the trustees for their management during the life of the trust. This view of the case is corroborated by the attitude of the counsel for the executrix, except that they resist the allowance of commissions to the executor on the basis of the value of the securities. The executrix has not pretended, directly or indirectly, to claim that the executors had no duties as such. On the contrary, her account is drawn as executrix and there is nowhere contained in the suggestions made by her counsel any indication that she contends that only half commissions should be awarded to her as executrix. If her counsel desire to apply the rule in McAlpin v. Potter, then they must certainly be consistent and show that their entire conduct in regard to the management of the estate has been based upon the theory under which the decision in that case was rendered.

The principle that executors or trustees should not receive commissions upon securities, no matter how valuable they may be, which might come into their hands, until the same are converted into cash, is a very hard rule and has, of course, been adopted in pursuance of a strict reading of section 2730 of the Code of Civil Procedure. Under that rule a person is made responsible for the safe handling of thousands of dollars of securities, for the slightest misconduct in regard to which he is held personally liable; and yet, if they are not converted into cash, he is not allowed a penny compensation for such work; and, in addition, he is subjected to the temptation of being required to sell the same in order that he may receive some proper remuneration for

such trouble.　In my judgment, therefore, while the letter of the statute should be respected, it should not unnecessarily be extended, in consequence of the hardship engendered by so doing.　There appears to be some slight dispute still remaining with reference to the value of some of the personal property left by the testator.　If the parties are unable to agree upon the value of the same, they may fix a day at which proof will be given thereon.　The full commissions to each executor will be allowed upon the amount thus fixed as the value of the property to be turned over to themselves as testamentary trustees.

Decreed accordingly.