## In re HURST'S ESTATE et al.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

1. EXECUTORS AND ADMINISTRATORS—ADMINISTRATOR'S COMMISSIONS—REVOCATION OF LETTERS.

Where the probate of a will, under Code Civ. Proc. § 2684, revoked an administrator's letters, there was not a mere succession of administrator by executor so as to deprive the administrator of commissions.

2. SAME.

Where an administrator collected interest on a mortgage and paid it over to the executor, after the probate of a will, the administrator was entitled to half commissions, as the money was not paid out, within the meaning of Code Civ. Proc. § 2730, making sums received and paid out the basis of computation.

3. SAME.

Where an administrator did not disturb the intestate's bank deposit, he was not entitled to commissions on them as moneys received, within Code Civ. Proc. § 2730, allowing commissions on moneys received.

4. SAME.

The fact that a decree permitted an administrator to turn over to the executor, his successor, certain securities in specie did not entitle the administrator to commissions on the securities.

5. SAME.

Where an administrator's letters were revoked, under Code Civ. Proc. § 2684, by the probate of a will, the administrator was not entitled to commissions on securities turned over by the administrator to the executor.

Miller, J., dissenting.

Appeal from Surrogate's Court, Kings County.

Judicial proceedings on the settlement of the account of Charles Hurst, as administrator of Emma A. Hurst, deceased. Appeal by Mary Knapp from an order refusing to resettle a decree and from part of a decree of the Surrogate's Court. Decree reversed so far as it related to the administrator's commissions.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Francis B. Mullin, for appellant.

Charles H. Payne, for respondent.

JENKS, J. The sole ground of appeal is the allowance of commissions to an administrator appointed in case of supposed intestacy, who accounts to the executor under a will subsequently produced and probated. The decedent was killed by an accident in July, 1904. The letters were issued the following August, and the will was probated in the next November. The probate thereof revoked the letters (section 2684, Code Civ. Proc.), and the administrator thereupon was ordered to account and to turn over the estate to the executor. The surrogate found that the administrator collected, received, and took possession of the estate, consisting of cash, securities, and sundry chattels, of the aggregate value of $37,086.33, and he thereupon allowed full commissions upon that amount. A legatee, objecting, filed exceptions to such findings, and the conclusion of law that awarded such commissions, and after the decree moved without success for an order to correct the

decree in that respect. The appeal is from the decree and the said order.

The opposition of the legatee is not based upon any alleged fault of the administration, but upon the illegality of the award. This court may examine the case upon facts and law, and determine for itself whether upon the facts the decision was right. Matter of Rogers, 10 App. Div. 593, 42 N. Y. Supp. 133, and cases cited.

I think that the point that commissions could not be allowed for the reason that the case presents a mere succession of administrator by executor cannot prevail in this case. The several cases cited by the learned counsel for the appellant, save one, where the representative became demented, show resignations, and they were decided upon the principle declared by the vice chancellor in Matter of Jones, 4 Sandf. Ch. 6157, that declination of duties once undertaken should not entail loss or expense upon the estate; and it was pointed out in some of the cases that, were not this principle followed, then a series of resignations and successors might deplete the estate by as many commissions. But in the case at bar the administrator did not lay down his trust; he was divested of it perforce of the probate of the will. There is not a suggestion that he ever knew of the will until some months after his receipt of the letters of administration. He was the husband of the decedent, and with her at the time she was killed. The will was produced by the sister of his wife, and it does not appear that he is benefited by it. The record indicates that there is little or no sympathy between them, and, indeed, the sister is the objecting legatee. There is no reason to doubt that the administrator acted in entire good faith. His administration was not a nullity, but was with authority until the will was probated. Kittredge v. Folsom, 8 N. H. 98; Executor of Bigelow v. Bigelow's Adm'rs, 4 Ohio, 138, 19 Am. Dec. 591; Schouler on Executors (3d Ed.), § 160. In 11 Am. & Eng. Ency. Law (2d Ed. p. 1287) it is written:

"The fact that the authority of an executor has been terminated by the revocation of his letters or of the probate of the will does not affect his right to compensation for services previously rendered while acting in good faith."

The principle is stated by Marshall, C. J., in Wood's Adm'r v. Nelson's Ex'r, 10 B. Mon. (Ky.) 231, as follows:

"So far as he collected and disbursed the fund for the benefit of the estate and in a manner available to it, his services were as beneficial as those of a rightful executor would have been, and he is entitled to the usual compensation."

The record in this case shows that the administrator collected $125 interest on a mortgage. I think that he is entitled to half commissions upon that sum. In McAlpine v. Potter, 126 N. Y. 285, 290, 27 N. E. 475, and Matter of Accounting of Mason, 98 N. Y. 527, 536, such a division is approved. He is not entitled to full commissions on this sum, for the reason that he has not paid it out, within the meaning of the statute, for he has but transferred it to a representative in succession.

I am of opinion that he is not entitled to any further commissions, in that he has not received or received and paid out any other sums of money, within the purview of section 2730 of the Code of Civil Procedure. "Sums received and paid out are made the basis of computa-

tion." Finch, J., in Phœnix v. Livingston, 101 N. Y. at page 456, 5 N. E. at page 71. The bulk of the estate consists of deposits in various savings banks and of bonds and mortgages. The evidence is beyond question that the deposits remained undisturbed and the securities untouched. Indeed the administrator frankly admits that the only cash he ever had in his hands was the said $125, collected as interest on a mortgage. The relation between the decedent and her depositary (the savings bank) was that of debtor and creditor. Fowler v. Bowery Savings Bank, 113 N. Y. 450, 21 N. E. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479. While the administrator was entitled to receive the payment of the deposit (Id.), and so to collect the debt, he did not, nor does it appear that he even transferred the account; so that there is no room for contention that there was a technical collection, and a redeposit in his representative capacity. I think that such deposits are *not within the purview of the statutory expression* "sums of money received." It is true that the term "moneys," as used in bequests and elsewhere, in the absence of qualifying or limiting expressions, has been held broad enough to include deposits in banks. In Mann v. Executors of Mann, 1 Johns. Ch. 231, Chancellor Kent, in construing a will, said that "perhaps" it would be proper to extend the term to money deposited in bank. See, too, Beck v. McGillis, 9 Barb. at page 59, where the term "moneys" was held to embrace cash ("using the term in its popular sense") which the testator had on deposit in bank. I may add, however, that there is a distinction drawn between deposits in a bank and in a savings bank. In Beatty's Ex'r v. Lalor, 15 N .J. Eq. 108, the chancellor says (pages 110, 111):

"The first clause will include the cash in the house, whether in specie or notes, the gold in the trunk at bank, and the deposit in bank. It will not include the money in the savings fund; that is in the nature of an investment drawing interest, and is not usually subject to the immediate order of the owner, like money deposited at bank, but can only be called in, like other investments upon notice."

This distinction eliminates as to such deposits the feature that induced the chancellor to apply "perhaps" the term "money" to bank deposits, for he says in Mann's Case, supra:

"For that is cash, and considered and used as cash, placed there for safe-keeping, in preference to the chest of the owner."

There is a manifest difference between the construction of a term of bequest and a statutory term that can be satisfied without its application to cash put out with a savings bank. Even if the term "moneys" used in this statute were generic enough to include such deposits, certainly, for the reasons stated, they cannot be regarded as "moneys received." The right to receive a due that is secure is not the receipt thereof. I am of opinion that these deposits were not the basis of commission.

The securities cannot be regarded as money within the purview of this statute. McAlpine v. Potter, supra. It is true that the decree permits the administrator to turn over the securities in specie, but this does not make them a basis for commission, within the doctrine of McAlpine v. Potter, supra, that in such case they may be regarded as cash accepted by the legatee. This decree is not for the legatee, but for the executor, who steps into the shoes of the administrator perforce

of the probate of the will. He takes "the unqualified legal title to all personalty not specifically bequeathed, and a qualified legal title to that which is so bequeathed." Blood v. Kane, 130 N. Y. 514, 29 N. E. 994, 15 L. R. A. 490. I think that mere omission of a legatee to object to a decree that transfers securities in specie from this administrator to the executor is not equivalent to her acceptance of the securities as cash. There is no payment or distribution to the legatee. The learned counsel for the respondent insists that the position of this administrator is analogous to that of a temporary administrator, and that he should receive these commissions, because a temporary administrator is entitled to commissions, not only upon actual cash passing through his hands, but upon the value of the property that he cares for and turns over to his successor. I do not agree to the analogy. This administrator was appointed, qualified, and served as a permanent administrator. The fact that his tenure was temporary, in that it was cut off by the probate of the will, cannot affect the character of his representative capacity. There is a well-recognized distinction between a temporary administrator and the permanent administrator (see Jessup's Surr. Pr. [2d Ed.] vol. 1, 644; section 2670, Code Civ. Proc.); and the distinction between the commissions that may be awarded to one or the other is based upon the difference of their functions (Jessup, supra, 1485, and authorities cited).

The order is reversed, without costs. The decree is reversed, so far as it relates to commissions, without costs of this appeal to either party, and proceedings remitted to the Surrogate's Court of Kings county, to be disposed of in accord with this opinion.

HOOKER, GAYNOR, and RICH, JJ., concur. GAYNOR, J., however, thinks that the fixing of the commissions should be left to the Surrogate, without any opinion from this court. MILLER, J., dissents.