In re WARD'S ESTATE.

(Surrogate's Court, New York County. January 7, 1908.)

---

(60 Misc. Rep. 44.)

In re INGRAHAM et al.

(Surrogate's Court, Kings County. June, 1908.)

1. EXECUTORS AND ADMINISTRATORS—RIGHT TO COMMISSIONS.

On the death of a testamentary trustee, his executor is not entitled to commissions on the trust estate in the hands of his testator at his death, nor on money collected by the executor as part of the income of such estate.

2. SAME—COMPENSATION—EXPENSES.

Where demands are made on the executor of a deceased testamentary trustee, one by a substituted trustee appointed by the surrogate and the other by a representative of the Supreme Court to fulfill the same trust, he is entitled, before turning over the trust estate, to compensation for his services and expenses incurred by him in the payment of counsel.

3. SAME—COMMISSIONS—"RECEIVED."

Moneys found among the effects of a deceased trustee are not "received" by his executor, as that term is used in section 2730 of the Code of Civil Procedure, relating to commissions of executors and administrators on moneys received by them.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, p. 5993.]

4. SAME—"PAYING OUT."

A delivery by an executor to his successor in a trust is not a "paying out" of moneys, within the language of section 2730 of the Code of Civil

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Procedure, relating to commissions of executors and administrators on moneys paid out by them.

In the matter of the settlement of the account of Henry C. M. Ingraham, executor of John B. DeCue, deceased. Decree rendered.

Henry A. Ingraham (Augustus Van Wyck, of counsel), for petitioner.

Turner, Rolston & Horan, for Annie Hulse Little and others.

Finn & Finn, for James Brady Post.

KETCHAM, S. The executor of a deceased testamentary trustee, upon the settlement of his account of the acts and doings of his decedent, and upon the decree directing him to deliver the trust estate to the successor in the trust, asks that he be allowed commissions upon the value of the estate at the rates applicable to executors, as well as his disbursements for the services of counsel in certain litigation, which will be hereafter described.

This proceeding was commenced on October 8, 1907. At the time of the death of the former trustee there was pending against him an action for an accounting of his trust. After the commencement of the present proceeding a motion was made in the action last mentioned to revive the same by the substitution as a defendant of this executor in the place of the deceased trustee. This the executor resisted, but unsuccessfully. From the order of revivor he appealed, and the order was reversed on the ground that the surrogate had full jurisdiction to settle the account, and that the Supreme Court should decline to exercise its jurisdiction. The former surrogate appointed a substituted trustee in the place of the deceased trustee, and the Supreme Court appointed its agent and representative to fulfill the same trust. Thereupon this executor was impleaded in an action brought by the substituted trustee, the nature of which does not well appear, and he was then subjected to demands on the part of both of the new officers of the trust for the delivery of the trust assets. In these two actions there were several motions in which the executor was involved, and the strife in court over the custody of the estate was active and continuous for several months. It is for the services of counsel in the litigation thus outlined that the executor made the payments for which he now seeks indemnity. It is not denied that the sums paid by him in this behalf were the fair and reasonable value of the services rendered. It is, however, claimed by the beneficiaries of the trust that the services were unnecessary and were not beneficial to the estate.

Commissions can only be awarded to an executor who is brought within the provisions of the statute. At common law he was not entitled to commissions. It is provided that, upon the settlement of the account of an executor or administrator, the surrogate must allow him for his services at prescribed rates. Code Civ. Proc. § 2730. It cannot be said that this executor is one of the class of officers beneficially referred to in this section. Its context, as well as the subject-matter to which it is directed and limited, indicates that the account, upon the settlement of which the award may be made, is an account

respecting the estate of which the accountant is an executor or administrator. The article in which the section is found treats only of the accounts of executors and administrators with respect to assets which were of their decedent; and its general reading would exclude all persons except executors or administrators (or, by a generous construction, testamentary trustees) who are engaged in the settlement of their accounts with respect to an estate which has been directly and properly intrusted to their care, as the assets of the deceased person in whose place they stand. The article institutes a scheme confined to the disposition of the rights and interests of creditors and beneficiaries directly concerned in the estate of which the executor has the sole and final administration, and the distribution of the estate among persons who derive their title not only from their relation to the decedent, but from the relation which the executor and they themselves bear to each other and the estate. It is impossible to find in this section relative to commissions, or in any of the neighboring provisions concerning the account upon which the commissions depend, any suggestion which has aught to do with the account of an executor of a deceased representative or trustee. This interpretation is confirmed by the fact that the entire subject of accounting by an executor of a deceased representative or trustee is specifically and adequately regulated by a portion of the Code not found in pari materia with the provision regulating the commissions of executors generally. Code Civ. Proc. § 2606.

It cannot be argued, from the mere fact that the present petitioner is "an executor," that he is among those executors who are contemplated in the article containing the section with respect to commissions. A like argument, betraying the same incongruity, could be made in behalf of "an executor" seeking commissions because he was a party to the account, either as a creditor, legatee, or other person concerned in the distribution of an estate under accounting. The suggestion that, because the petitioner is "an executor," he is entitled to commissions under the phrase providing that "an executor" may have commissions, would clearly serve in behalf of any executor, whatever his relation might be to the account. He cannot be likened to a temporary administrator for the purpose of this discussion. That officer is appointed an administrator, and under his letters has the duties of administration. The same conclusion would be reached, however, if the petitioner were regarded as one of the officers contemplated in section 2730.

It is contended in this behalf by the beneficiaries that the petitioner is not entitled to commissions, inasmuch as the executor of a deceased trustee takes no title to the trust estate. It is by no means certain that title to the assets which have come into his custody is essential to an executor's right to commissions. An executor, exercising a power of sale as to property which descended or was devised subject to the power, is doubtless entitled to the compensation of the statute, though he is without title either to the property or its proceeds. But the present petitioner was not only devoid of title in the trust estate, but was without "authority to commence or maintain any action or proceeding

relating to the estate, effects or rights of the testator of the decedent executor, or to take any charge or control thereof, as such executor." 2 Rev. St. (1st Ed.) pt. 3, c. 8, tit. 3, § 11. Whether or not the petitioner is within the precise terms of the statute last cited, which is verbally limited to an executor of an executor, it would still remain plain, without the aid of the statute, that an executor who finds, among the effects of his decedent, an estate which was committed by law to his decedent as trustee, is but a finder or casual bailee, whose duty is confined to the preservation and delivery of the assets to an officer thereafter appointed to take the same, and has no right or duty with respect to the administration of the trust.

In this view, it seems impossible to allow to the executor of a deceased trustee, who has no charge or control over the estate, any part of those commissions which can be awarded only for the service of administration. Code Civ. Proc. § 2730. Moreover, conceding that the petitioner may be an executor, within the purview of the section regarding commissions, it appears from that section that the compensation is not only "for his services," but for such services as are involved in receiving and paying out sums of money. There is no statutory warrant for commissions upon anything else than actual moneys received and, perhaps, paid out. It is impossible to conceive of commissions payable to an executor, for either receiving or paying out sums of money, when the legal nature of his relation to the estate forbids either act on his part. The mere act of preserving the assets, which are found among the effects of his decedent, cannot be regarded as the receiving which the statute requires; and, however that act may be regarded, it is beyond his lawful powers to pay out.

An executor of a deceased representative or trustee is not within the indulgent application of the section regarding commissions which has been adopted in the cases where, upon distribution, the officer of the estate has, by the consent of the beneficiaries, delivered assets other than money. There it has been held that the conversion of the estate into cash has been waived, and that, under such waiver, the executor is entitled to commissions to be calculated upon the value at which the securities or other property have been taken in lieu of cash. Matter of Curtiss, 9 App. Div. 285, 41 N. Y. Supp. 1111; Matter of Freel, 49 Misc. Rep. 386, 99 N. Y. Supp. 505.

It is obvious that no question of election, with respect to the acceptance of securities instead of cash, could arise in the present case, since there was no power, on the part either of the petitioner or of the successor in the trust, to make anything the subject of delivery between them except the estate in specie, as found in the hands of the decedent trustee. The delivery of securities instead of cash cannot be taken as a waiver of cash, when the law demands the transfer of securities and forbids the transfer of cash. The most practical ground adopted in the cases cited for the allowance of commissions upon property instead of money is that "it would be impolitic for the law to deny to executors commissions upon the property turned over, because to do so might invite the disposal of investments judiciously made by the testator, for the purpose only of entitling such executors to commissions upon the

proceeds, and it is the policy of the law to remove this temptation." See cases last cited. This consideration cannot be applied to a case where, without regard to the policy of the law or the wish of any party, however concerned, the executor of a deceased trustee could in no event lawfully turn the assets into money.

But the rule respecting the calculation of commissions on property is limited to the distribution thereof to its equitable owners, and has no application to the transfer of the estate to an officer charged with its future administration. Matter of Hurst, 111 App. Div. 460, 97 N. Y. Supp. 697. Is there, then, any money involved in the present account which can be the basis of commissions? Moneys found among the effects of the deceased trustee were not "received" by the petitioner, under the expression of section 2730. Even where the person, whose commissions are in question, is the lawful successor in the trust, holding full administrative control of the estate, he "is not entitled to commissions for receiving so much of the estate, for which he is accounting, as consists of funds which come into his possession from the representative of the deceased trustee, as their reception by him is not to be regarded as a receiving of such funds within the meaning of sections 2802, 2730 and 3320 of the Code of Civil Procedure," which prescribe the compensation to be awarded to trustees for their services. Estate of Ward (Sur.) 112 N. Y. Supp. 763; Attorney General v. Continental Life Insurance Company, 32 Hun, 223. More strongly it may be said that an executor who simply finds among the effects of his decedent the funds of a trust is not to be regarded as "receiving" them, under the language of an act which is thus clearly interpreted to relate to the receipt of moneys in the course of administration. Neither is a delivery by any executor to his successor in the trust a "paying out" of moneys within the language of section 2730. Matter of Hurst, 111 App. Div. 460, 97 N. Y. Supp. 697.

Moneys found in the hands of the deceased trustee or on deposit to his credit cannot be the subject of compensation as moneys received. Even a permanent administrator, who loses his office upon the discovery and probate of a will, is held not to be entitled to commissions upon moneys left in a savings bank as originally deposited by the deceased. Matter of Hurst, 111 App. Div. 460, 97 N. Y. Supp. 697. The ruling applicable to a permanent administrator, holding all the title and all the duties of management and control which pertain to his office, must clearly constrain the case of an executor who finds moneys belonging to the trust of his decedent.

The petitioner, however, accounts for sums of money which have been collected by him as rents and interest on mortgages since the death of the original trustee. His services in this respect, however meritorious and beneficial, cannot be made the subject of compensation to one who was without power to take any charge or control of the trust estate. However useful his intervention in this regard, it leaves him but a kindly trespasser, morally entitled to consideration, but without right to compensation for his act.

But if these views are correct, the executor of a deceased trustee is not left wholly subject to any harshness which might result. Al-

though he is not entitled to commissions as such, it is provided in this relation as follows:

"The Surrogate's Court has also jurisdiction to compel the executor or administrator, or successor of any decedent, at any time to deliver over any of the trust property which has come to his possession or is under his control, and if the same is delivered over after a decree, the court must allow such credit upon the decree as justice requires." Code Civ. Proc. § 2606.

Under this language, it is the duty of the court to make the delivery of the trust assets dependent upon the discharge of any just claim of the executor, not as commissions, but as a measure of general justice. The conduct of the petitioner with respect to the litigations already described was necessary, meritorious, and beneficial to the estate. He instituted no controversy, and it is impossible to say that he was not acting for the highest good of the estate in resisting the motion to implead him in the accounting in the Supreme Court, when that court has finally given its sanction to the attitude assumed by him. When he found himself the subject of inconsistent demands by two trustees claiming the assets from his hands, it is impossible to say that he was not entitled to counsel or that their services were either injurious or negative with respect to the estate. In the discharge of the duties to the fund which he is about to deliver, he has rendered a service which was imposed upon him and for which justice requires a recompense. But this should be based, not upon his office as an attorney at law, or his eminence in his profession, but solely upon a fair view of the duties which a layman assumes in the ordinary conduct of a litigation in which his risk of personal liability is nothing and his responsibility is wholly carried by his counsel.

For the services and attention required from him merely as a party he will be allowed the sum of $500. He was justified in retaining counsel, and the amount which he has paid to them is conceded not to have been excessive. These amounts are: Augustus Van Wyck, $1,500; Henry A. Ingraham, $857.10. The decree should provide for the delivery of the balance of the assets remaining in the petitioner's hands upon the payment of the three sums last mentioned.

There remains an objection to certain commissions claimed by the accountant as having been earned by the deceased trustee. This objection has not been presented, either in the oral or written argument, and has not been considered.

Decreed accordingly.