In the Matter of the Estate of LESTER GRIFFITH, Deceased.

Surrogate's Court, Oneida County, May 25, 1934.

*William E. Seavey*, for the First Citizens Bank and Trust Company of Utica, trustee.

EVANS, S. The trustee herein has filed its account and seeks to have determined the amount of commissions to which it is entitled.

By a decree of this court bearing date the 25th day of September, 1931, there was turned over to the trustee in money and securities an amount stated to be $89,143.91. The account now filed shows a shrinkage in the value of securities amounting to $39,815.50. It is the contention of the trustee that it is entitled to one-half commissions for receiving on the sum of $39,815.50 representing a total loss. The amount of commissions is regulated by section 285 of the Surrogate's Court Act. This section evidently contemplates the receipt and distribution of cash.

In a proper case the value of any real or personal property received, distributed or delivered shall be considered as money in

making computation of commissions, excepting in case of a specific legacy or devise. The value of such real or personal property may be determined in such manner as the surrogate may direct. This is the only exception that permits the computation of commissions on a basis of value other than actual cash received and distributed and has no application to the matter under consideration.

In *Matter of Whipple* (81 App. Div. 589) this precise question was involved. The court announced the rule as follows: " The provision of the statute would not allow of compensation to be made upon the basis of the inventory of the estate, but only for actual service in receiving and disbursing the moneys of the estate."

It follows that the trustee is not entitled to commissions on $39,815.50 representing a loss to the estate.

Decreed accordingly.