[Civ. No. 12171-S. Second Appellate District, Division One.—June 27, 1939.]

In the Matter of the Estate of ANNETTE NORMAN CLARK, Deceased. DALE NORMA, Administrator, etc., Appellant, v. MARK H. EDWARDS, Respondent.

524

Combs, Fritz & Murphine for Appellant.

Charles F. Blackstock for Respondent.

YORK, P. J.—On December 2, 1936, the court made its order admitting to probate the purported last will and testament of Annette Norman Clark, deceased, dated November 15, 1935, and directed that letters testamentary issue to respondent Edwards, named therein as executor. At the time said order was made, there was in existence another will which was executed on October 8, 1936, by said decedent while she was in England and where her death thereafter occurred. On March 11, 1937, an order was duly made vacating and annulling said order of December 2, 1936, whereupon appellant qualified as administrator with the will annexed and proceeded to administer the estate, pursuant to the terms of the subsequent will. On November 22, 1937, the respondent filed his first and final account and petition for discharge, praying for approval thereof and for allowance of fees for his services rendered as executor under the first will, as well as compensation for his attorney. Appellant filed exceptions and objections to said account, particularly with reference to such allowance, alleging that respondent on December 2, 1936, stated to the court that the will of November 15, 1935, was the last will and testament of decedent, although said respondent had been informed by appellant that "there was in existence a will dated October 8th, 1936, and well knew of the existence thereof, and fraudulently and falsely represented to the Court that there was no later will and testament than that of November 15, 1935, and that thereupon and upon said representations the Court in the above entitled matter erroneously admitted to probate the will of November 15th, 1935."

■ After hearing the account and objections thereto, the court on March 29, 1938, entered its order settling and approving said first and final account, allowing respondent Edwards the sum of $250 for his services as executor, and also the sum of $250 as compensation for his attorney, together with $28.80 costs.

In appealing from this order the administrator with the will annexed contends "that an executor wrongfully appointed by a void order, under a revoked will, is not entitled to any commission for his services as executor, nor reimbursement for his court costs, nor to an allowance for payment to his attorney for his services", urging that "1. The original order appointing Mark H. Edwards was obtained in bad faith by virtue of misrepresentation to the court, and could not be the basis of a claim for fees and costs. 2. Even if appointment was secured in good faith, a void order of appointment gives no grounds for recovery of anything other than actual costs in the case, being $28.80." As authority in support of his second point, appellant cites *Estate of Frey*, 52 Cal. 658.

The record discloses that on March 8, 1937, Judge Westwick denied a motion made by appellant to set aside Judge Henderson's order of December 2, 1936, admitting the first will to probate, after a hearing was had in which Judge Henderson appeared as a witness for appellant; that on March 11, 1937, the English will having been filed for probate, Judge Henderson upon his own motion annulled his order of December 2, 1936, on the ground of inadvertence and mistake. Appellant has repeatedly alleged bad faith on the part of respondent in offering the first will for probate, and although three judges have now passed upon some phase of the matter here involved, there is no finding that fraud was practiced upon Judge Henderson at the time the first order was entered. It would seem, therefore, "that the sole question now involved is whether or not the order of March 11, 1937, rendered the appointment of respondent executor void from the beginning", as aptly stated in the memorandum opinion written by Judge Drapeau in support of the order from which this appeal is taken, wherein he makes the following observations: "Edwards served as executor for a period from December 2, 1936, to March 11, 1937, I cannot believe that the order vacating and annulling the first order should be construed to make the appointment of

Edwards void from the beginning. I believe the true rule to be that he held his office under the order of the Court; that his letters testamentary were voidable, being based on an erroneous order admitting an invalid will to probate; and that upon the first order being vacated by the second order, his office as executor then became vacant."

Section 510 of the Probate Code outlines the procedure to be followed upon the discovery of a subsequent will after probate of a pre-existing will: "Upon the admission to probate of a will after a grant of letters of administration on the ground of intestacy, or upon the admission to probate of a later will than the one before admitted to probate, the pre-existing grant of letters testamentary . . . must be revoked, and the administrator or executor whose grant of authority is thus terminated must render an account of his administration within such time as the court may direct."

The *Estate of Frey, supra,* relied upon by appellant, is not in point. In that case the court held: "The letters testamentary issued to *Jacob* Frey were unauthorized and void for the reason that the order directed the letters to be issued to the petitioner, *Joseph* Frey. The letters testamentary issued to *Jacob* Frey being void, he was not entitled to commissions, fees, or charges as an executor in the settlement of the estate of said testator." (Emphasis added.)

In the instant case, respondent was named executor in the first will, and his appointment as such executor before the subsequent will was filed for probate, in the absence of a showing of bad faith on his part, was not void *ab initio,* but voidable only, being subject to revocation upon the admission to probate of the so-called English will. (*In re Owens' Estate,* 32 Utah, 469, [91 Pac. 283].) In *Estate of Hurst,* 111 App. Div. 460 [97 N. Y. Supp. 697], the sole ground of appeal was the allowance of commissions to an administrator appointed in a case of supposed intestacy, who accounted to the executor under a will subsequently produced and probated. It was there held that, since the administrator did not lay down his trust but was divested of it through probate of the will, and there was no reason to doubt that he acted in entire good faith, his administration was not a nullity but was with authority until the will was probated; citing in support *Kittredge* v. *Folsom,* 8 N. H. 98; *Executor of Bigelow* v. *Bigelow's Admrs.,* 4 Ohio, 138 [19 Am. Dec. 591]; Schouler on Execu-

tors, 3d ed., sec. 160; 11 Am. & Eng. Ency. Law, 2d ed., p. 1287 wherein it is stated: "The fact that the authority of an executor has been terminated by the revocation of his letters or of the probate of the will does not affect his right to compensation for services previously rendered while acting in good faith."

Where an executor or administrator resigns, or is removed before complete administration, it is generally a question of judicial discretion as to whether compensation shall be allowed, and in what amount within statutory limits. (94 A. L. R. 1102.)

In *Ord* v. *Little,* 3 Cal. 287, 289, it was held: "Where, therefore, an administrator resigns, or is removed, leaving the administration incomplete, there is no fixed rule of compensation for the services he has rendered. In such a case it is the duty of the Probate Court to examine into the nature and value of the services rendered and comparing, as well as possible, that which has been done with what yet remains to be done in the course of administration, to apportion the compensation which has been fixed by law for the whole, according to sound judgment." (See, also, *Estate of Piercy,* 168 Cal. 750, 754 [145 Pac. 88]; *Estate of Jones,* 166 Cal. 147, 152 [135 Pac. 293].)

Under the facts presented herein, it cannot be said that the court abused its discretion when it allowed executor's commissions and attorney's fees in the amount of $250 each.

For the foregoing reasons, the order or decree appealed from is affirmed.

Doran, J., and White, J., concurred.