In the Matter of the Accounting of ELLIS T. TERRY, as Administrator of the Estate of CHRISTIAN KRABBE, Deceased.

Surrogate's Court, Suffolk County, June 27, 1955.

*Pelletreau & Pelletreau* for administrator.

*John F. White, Jr.,* special guardian.

*Tonnele & Bedford* for Johanne Krabbe.

*Alfred J. Bedard* for Eyvind Bartels, as Consul General of Denmark at New York.

*Nathaniel E. Wheeler* for Royal Indemnity Company, as surety.

*Jacob K. Javits, Attorney-General* (*P. Hodges Combier* of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law.

*Schmidt & Fechter* for Vincent Wendzinski.

*Samuel I. Sloane* for Valborg Sjoberg.

HAZLETON, S. This is a proceeding by Ellis T. Terry, formerly Public Administrator of Suffolk County, for the judicial settlement of his accounts as administrator of the estate herein, for a judicial determination of the identity of the distributees of the decedent, for a judicial determination with respect to certain alleged claims, and for an order authorizing the sale of real property of said decedent.

The decedent, Christian Krabbe, died intestate on June 28, 1953, a resident of Suffolk County, and on July 20, 1953, letters of administration were issued by this court to the petitioner as Public Administrator of Suffolk County. The petitioner has filed an account of proceedings as such administrator covering the period from July 20, 1952, to March 1, 1955. The petitioner had been appointed by this court, Public Administrator of Suffolk County for a term which expired on January 1, 1955. Since the expiration of his term, a successor has been duly appointed Public Administrator of Suffolk County, and has qualified as such.

The present application raises the question as to whether a former Public Administrator of Suffolk County, whose term has expired and whose successor in office has been duly appointed and qualified, may complete the administration of estates commenced by him. The present application raises a further question as to compensation, if any, to be awarded the former Public Administrator for his administration of this estate during the term of his office.

The office of Public Administrator of Suffolk County was established by chapter 31 of the Laws of 1944, effective February 18, 1944, presently found in section 125-a of the Surrogate's Court Act.

Under subdivision 1 of section 125-a, the term of office is expressly limited to five years, except that the appointee may be sooner removed for cause by the Surrogate. Whether upon the expiration of the five-year term, a public administrator could hold over and continue to discharge the functions of the office until the appointment and qualification of his successor pursuant to section 5 of the Public Officers Law need not be determined; a successor has been designated and is lawfully acting.

Letters of administration are issued to the Public Administrator of Suffolk County in his official capacity, and not to the individual who happens to hold such office at any given time. Once a successor has been chosen and qualified, the authority of the former Public Administrator is necessarily terminated for he is no longer vested with power to deal with the assets of any estates in which the Public Administrator of Suffolk County was appointed. The successor in office must complete the administration. The former official may no longer sign checks as Public Administrator, pass upon claims, institute miscellaneous proceedings or perform any acts in the name of the Public Administrator.

Upon the expiration of his term and the appointment and qualification of his successor, the former Public Administrator becomes *functus officio*. That " robust, sonorous Latin phrase " (*Derry Township School Dist. Appeal,* 168 Pa. Super. 415, 417) has been " applied to an officer whose term has expired, and who has consequently no further official authority " (Black's **Law** Dictionary [4th ed.], 802, quoted in 37 C. J. S., *Functus Officio,* 1401; *Hill* v. *1550 Hinman Ave. Bldg. Corp.,* 282 Ill. App. 109, 120). The former Public Administrator has, therefore, no further rights to administer the assets of any estates, previously under his supervision in his official capacity.

His present status is analogous to that of an administrator appointed in a case of supposed intestacy who loses office upon the probate of a will, or of an executor whose letters testamentary are revoked upon the vacatur of a decree of probate or upon the probate of a later will (cf. *Matter of Hurst,* 111 App. Div. 460; *Matter of Staiger,* 249 N. Y. 229; *Matter of Schneider,* 198 Misc. 1017, 1028–1029; *Matter of Clark,* 33 Cal. App. 2d 523; *Matter of Strong,* 119 Cal. 663, and *Wood's Administrator* v. *Nelson's Executor,* 49 Ky. 229, 231).

As to the compensation to be paid to petitioner, it was stated in *Matter of Hurst* (*supra,* p. 462): " In 11 American and English Encyclopedia of Law (2d ed. p. 1287) it is written: ' The fact that the authority of an executor has been terminated

by the revocation of his letters or of the probate of the will does not affect his right to compensation for services previously rendered while acting in good faith.' The principle is stated by MARSHALL, Ch. J., in *Wood's Adm'r* v. *Nelson's Ex'r.* (10 B. Mon. [Ky.] 231), as follows: ' So far as he collected and disbursed the fund for the benefit of the estate and in a manner available to it, his services were as beneficial as those of a rightful executor would have been and he is entitled to the usual compensation.' The record in this case shows that the administrator collected $125 interest on a mortgage. I think that he is entitled to have commissions upon that sum. In *McAlpine* v. *Potter* (126 N. Y. 285, 290) and *Matter of Mason* (98 id. 527, 536) such a division is approved. He is not entitled to full commissions on this sum for the reason that he has not paid it out within the meaning of the statute, for he has but transferred it to a representative in succession.''

In *Matter of Bushe* (227 N. Y. 85, 92), the question presented was whether the estate of a deceased fiduciary (there a testamentary trustee, but the same principle was expressly deemed applicable to executors and administrators) who had died before completion of his duties, was entitled to fixed commissions, i.e., one half the statutory commissions for receiving funds, and the other half for paying them out, or a reasonable amount, resting in the discretion of the court, not exceeding, however, the statutory percentage. The court held, that while the estate of the deceased representative was not entitled as of right to commissions the court had discretion in fixing the allowance for services rendered within the statutory limits of full commissions. (See, also, *Matter of Barker,* 230 N. Y. 364, 371; *Durham* v. *Perkins,* 270 App. Div. 739, 742–744, affd. 296 N. Y. 514; *Matter of Lewis,* 115 N. Y. S. 2d 791, 808, and 21 Am. Jur., Executors and Administrators, pp. 682–683.)

In *Matter of Bushe* (*supra*), it was pointed out (p. 93) that in the exercise of its discretion the court could base its allowance at one half the statutory rate for receiving and a like percentage for paying out such items as have been disbursed. Such formula has frequently been used in cases involving deceased executors (*Matter of Whipple,* 81 App. Div. 589; *Matter of Rosenberg,* 124 Misc. 434; *Matter of Hurley,* 149 Misc. 68). Transfers of assets of the estate to a successor-representative do not, however, constitute a paying out for the purpose of computing commissions (*Matter of Hurst, supra,* pp. 462, 464; *Matter of Ingraham,* 60 Misc. 44, 49; *Matter of Schneider, supra,* p. 1029).

In view of these authorities I hold that the former Public Administrator is without authority to continue in the administration of this estate; that further administration thereof is to be conducted by his successor, the incumbent Public Administrator; and that the former Public Administrator will be awarded compensation at one half of the statutory rate upon the property which came into his hands and at one half of such rate on such portions thereof as were paid out by him. Needless to say, the bond of Mr. Terry cannot be cancelled until the disposition of the objections which have been filed to his account.