Evans V. Brewster, S.
In this executors’ accounting proceeding, the court is requested to fix the legal fees for the associated attorneys, one of whom died during the administration of the estate. No objections to the requested fee were made, but the guardian ad litem has objected to the commissions sought by the executors for estate administration expenses payable from the principal of an inter vivas trust. For the extra work required with respect to upholding the commissions due the executors, additional legal fees are requested. The guardian ad litem also objects to the allowance of these additional fees.
Testatrix executed her will and an inter vivas trust agreement simultaneously. Article First of her will specifically provided that all estate taxes and administration expenses shall be paid from the assets of the inter vivas trust created by her. Under article Fifth of the inter vivas trust, it was provided that all estate taxes and administration expenses shall be paid by the trustee out of the inter vivas trust estate. It was further provided that the "Trustee may make payment of any or all of the above described taxes and/or administration expenses, either directly to the Executor under the Settlor’s will or to the taxing authority or authorities or other person or persons to whom such taxes and/or administration expenses shall be due and owing. The Trustee may rely on a certification by the Corporate Executor under the Settlor’s Will as to the amount or amounts of any such taxes and/or administration expenses due and payable and to whom such payments must be made. The Trustee shall not be required to determine the propriety of the payment of any sum or sums so certified to it or to see to the application thereof by said executor or to withhold any distribution in anticipation of any *146 such request.” (Emphasis added.) The corporate executor and corporate trustee of the inter vivas trust are the same bank. The amount the executor states was paid for estate taxes and administration expenses is $303,793.76 for which commissions are claimed.
The terms of the inter vivas trust are simple and clear with respect to the payments to be made from the corpus of the inter vivas trust. Upon receiving a certificate from itself as executor, the trustee could make payments directly to those entitled thereto. No payment to the executor was required. If the trustee chose to give the money to the executor to pay, it was merely a bookkeeping entry and served to permit the funds to simply pass through the hands of the executor as a conduit. The executor had no real responsibility with respect to the money received and was under no duty to collect and administer it. The testatrix’ testamentary plan was incorporated into her will and an inter vivas trust which were executed simultaneously. It certainly could never have been the intention of testatrix to expose her estate to the payment of double commissions to the same person on the same money —once for paying out as trustee and again for receiving and paying as executor. For acting as a conduit, the executor is not entitled to commissions (Matter of Perry, NYLJ, Aug. 5, 1975, p 14, col 1; Matter of Heilprin, NYLJ, Feb. 6, 1976, p 12, col 1). A fiduciary has an obligation to protect and preserve assets which have been placed in his care. Given the authority to make direct payments for estate taxes and administration expenses, the trustee must exercise this authority to avoid depletion of decedent’s assets by the imposition of avoidable executor’s commissions.
The statements made in petitioner’s memorandum of law that the trustee’s account will be amended to provide that no trustee’s commissions will be requested on the assets transferred to the executors, does not alter the decision of the court that the executors in this proceeding are not entitled to commissions on these sums paid for taxes and administration expenses. Petitioner cites the decision of this court in the Matter of Quaid in support of the allowance of commissions upon the payments for estate taxes and administration expenses. An inspection of that file indicates that the language in the inter vivas trust and will varies from the language of the inter vivas trust and will executed by the decedent. The *147 facts present are distinguishable from those in the Quaid estate. The court therefore does not choose to be bound by the Quaid decision.
The allowance of an advance payment of commissions is not an adjudication of the question of lawful commissions to which an executor will be granted upon an accounting and does not preclude the court from determining the commissions to be allowed on this accounting.
Accordingly, the objection of the guardian ad litem to the commissions computed for taxes and administration expenses paid out of the inter vivas trust is sustained. The executors are directed to recompute commissions. In the event they have already received more than allowed herein, they are directed to return any such excess.
With respect to the amount requested for attorney fees, the parties have submitted the issue to the court on the papers filed herein. It appears from the affidavits of services submitted on behalf of the associated attorneys for the executors that in addition to the usual services rendered in administering an estate, there were some unusual problems relating to valuation of assets before the Federal estate tax authorities which required additional work including an appeal from the determination initially made by the Internal Revenue Service, all of which resulted in a tax saving to the estate.
The court has carefully considered the affidavits of services rendered by the associated attorneys, and is cognizant of the work done in the accounting for the inter vivas trust for which no additional fee has been charged. Having due regard for all the elements relevant in the fixation of legal fees (Matter of Freeman, 34 NY2d 1; Matter of Potts, 123 Misc 346, affd 213 App Div 59), the court fixes and determines the value of the legal services, inclusive of those through settlement of the decree and distribution thereunder in the amount already paid.
The court has not allowed the $1,000 requested for services rendered in defending against the objections filed by the guardian ad litem since these services benefited the executors personally and were not for the benefit of the estate. This disallowance is without prejudice to counsel seeking compensation therefor from the executors personally.