OPINION OF THE COURT
Bertram R. Gelfand, S.
The objections filed in the respective contested accounting proceedings of the deceased spouses are interrelated. The husband died on July 23, 1980. His wife died one year later on July 25, 1981. Each of their reciprocal wills was admitted to probate pursuant to a decree entered May 18, 1984 and letters testamentary issued to petitioner in each estate on May 21, 1984. Each will provided for the estate to pass to the other spouse with an alternate disposition to their children in equal shares. Accordingly, under the terms of the wills, the husband’s estate is payable to the wife’s estate and, ultimately, their two children are the beneficiaries of the net proceeds from both estates.
In each estate the children interposed objections to the statutory commissions alleging them to be excessive.
There remains what appears to be the novel and more difficult issue, of whether, under the circumstances here presented, petitioner is entitled to a commission in each estate on the assets which he transferred as executor of the husband’s estate to himself as executor of the wife’s estate and then distributed to objectants. Technically, petitioner was following the terms of the respective wills when he first transferred the net estate of the husband to the estate of the postdeceased wife and then distributed the net estate of the wife to objectants. However, it is equally clear that the transfer of the assets from the husband’s estate to the wife’s estate was essentially a bookkeeping transaction because the wife’s estate, without these transfers, had sufficient assets to pay all of its debts, administration expenses and taxes.
The cases cited by objectants are not controlling because they merely hold that a fiduciary who was unable to complete the administration of that part of the estate for which the letters were issued is not entitled to paying out commissions on the assets which are turned over to the successor fiduciary (Matter of Hurst, 111 App Div 460 [an administrator who was appointed prior to the discovery of the will was not entitled to paying out commissions on the assets he turned over to the executor who had been appointed after the will had been *513 admitted to probate]; Matter of Krabbe, 208 Misc 197 [the public administrator who had been appointed administrator of the estate was not entitled upon the expiration of his term of office to paying out commissions on assets which he had turned over to the successor public administrator who had also been appointed successor administrator of the estate]; Matter of Ingraham, 60 Misc 44 [an executor of a deceased testamentary trustee is not entitled to commissions based upon the trust estate]). These cases cannot be stretched into authority for a holding that, in all instances, if the same person is appointed as the executor of two different estates, he is not entitled in the second estate to either receiving or paying commissions as to any asset that the will of one estate provides to be paid to the second estate.
Petitioner cites Matter of Saphir (73 Misc 2d 907, 915) which embodies the well-settled rule that a person who acts as both an executor and trustee in the same estate "[u]nder many circumstances * * * is entitled to full commissions in both capacities.” He argues that if the same person is entitled to separate commissions as an executor and as a trustee when he has been appointed to the two different fiduciary capacities in the same estate, clearly he should be entitled to two full commissions when he has been appointed the executor of two different estates. This contention has prima facie appeal, and it certainly would be true "under many circumstances”, if not in the overwhelming majority of the cases, that a person who has been appointed as the executor of two estates is entitled to commissions in both estates on assets which have been transferred from one estate to the other. Nevertheless, the court does not find this line of reasoning dispositive under the unique facts presented. Not every asset which passes through an executor’s hands is necessarily subject to commissions. Neither statutes nor case law should be read in a context divorced from rules of reason and equity. It is further noted that in the case of the same person serving as an executor and trustee and receiving statutory commissions in each status, ordinarily, this person will be discharging distinctly different functions in both capacities. It is doubtful that an executor of an estate containing a trust provision under which the remainder is ripe for distribution can entitle himself to two commissions by unnecessarily transferring the estate to himself as trustee prior to immediately distributing the trust to the vested remainderman.
My respected colleague, Surrogate Brewster, held in Matter *514 of Mead (90 Misc 2d 144) that when the same bank was both the trustee of an inter vivos trust established by decedent and the executor of her estate, it was not entitled to commissions as executor on funds that it had transferred as trustee to itself as executor to pay estate taxes and administration expenses pursuant to an authorization in the trust instrument to "make payment either directly to the Executor * * * or to the taxing authority or authorities or other person or persons to whom such taxes and/or administration expenses shall be due and owing”. The court reasoned that decedent did not intend "to expose her estate to the payment of double commissions to the same person on the same money” and the executor should not be entitled to commissions "[f]or acting as a conduit” in a transaction which "was merely a bookkeeping entry” (Matter of Mead, supra, p 146, citing Estate of Perry, NYLJ, Aug. 5, 1975, p 14, col 1; Estate of Heilprin, NYLJ, Feb. 6, 1976, p 12, col 1; see also, Estate of Warner, NYLJ, June 22, 1977, p 16, col 3).
Clearly, if an executor has two alternatives to discharge an administration duty, one of which is more expensive than the other, he is under an obligation to choose the more economical method. In this case, as in Matter of Mead (supra) when the petitioner transferred assets from one estate to another, it really amounted to no more than a bookkeeping entry. The petitioner knew that the assets were ultimately to be transferred to objectants because they were not needed to pay any debts, administration expenses or taxes in the estate of the wife. There does not appear to be any practical reason why petitioner could not have paid the net estate of the husband directly to objectants and received a receipt in his capacity as executor of both estates.
Inasmuch as petitioner knew from the inception of each estate that objectants would be the ultimate beneficiaries of the entire net proceeds of both estates and that, at the time of the transfer, there was no practical need to transfer assets from the husband’s estate to the wife’s estate, it is concluded that neither paying nor receiving commissions shall be allowed to petitioner in his capacity as the executor of the wife’s estate as to the $7,500 in cash and the 10 different securities which he had transferred as executor of the husband’s estate to himself as the executor of the wife’s estate. Statutory commissions are compensation for performing a required task. Under the circumstances of the instant matters, there was no required task of sufficient significance so as to sustain the *515 allowance of commissions in the wife’s estate on the aforesaid assets.
While the transfer of these assets from the husband’s estate to the wife’s estate cannot be treated as a commissionable event which resulted in an increase in the value of the principal in the husband’s estate, to the extent that any of these securities had a greater value on the date that they were actually distributed by petitioner as executor of the estate of the wife to objectants than the inventory value listed in the husband’s estate, such increases in principal shall be considered in the computation of petitioner’s commissions in the husband’s estate.