Ganzi v Ganzi (2020 NY Slip Op 02740)





Ganzi v Ganzi


2020 NY Slip Op 02740


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Renwick, J.P., Gische, Kapnick, Singh, JJ.


9826 653074/12 9825 9824

[*1]Gary Ganzi, et al., Plaintiffs-Respondents,
v
Walter Ganzi, Jr., et al., Defendants-Appellants. Just One More Restaurant Corporation, etc., et al., Nominal Defendants.


Kasowitz Benson Torres LLP, New York (Marc E. Kasowitz of counsel), for appellants.
Hoguet Newman Regal & Kenney, LLP, New York (Fredric S. Newman of counsel), and Dunning Rievman & Davies LLP, New York (Joshua D. Rievman of counsel), for respondents.



Judgment, Supreme Court, New York County (Andrea Masley, J.), entered February 11, 2019, in favor of plaintiffs, on behalf of the nominal defendants, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered November 15, 2018, after a nonjury trial, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The trial court correctly rejected defendants' statute of limitations defense to the derivative claims. Defendants contend that the claims that they breached their fiduciary duty to the shareholders of nominal defendant Just One More Restaurant Corporation (JOMR), which owns the Palm Restaurants, by executing various licensing agreements after 2006 that paid JOMR a $6,000 annual license fee for the use of its intellectual property are time-barred by virtue of the fact that the corporation had previously executed license agreements that included the same fee provision. Defendants argue that the execution of the 2007 and 2011 licenses merely renewed, updated, and reaffirmed preexisting allegedly tortious licensing arrangements, and did not constitute new, discrete acts causing new injury that restarted the applicable six-year statute of limitations.
Breach of fiduciary duty is a tort claim that accrues when all the elements of the tort can be truthfully alleged in a complaint (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 140 [2009]). Where there is one tortious act complained of, the cause of action accrues at the time that the wrongful act first injured the plaintiff; the "continuous wrong" doctrine tolls the running of the statute of limitations where there is a series of independent, distinct wrongs rather than a single wrong that has continuing effects (see Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017]).
Here, defendants argue that pursuant to a stipulation between the parties, the valid and enforceable 2007 and 2011 licenses merely papered or re-papered existing license agreements from 2004 and earlier, repeating identical terms, including the $6,000 annual fee, which would have continued regardless of whether the written licenses had been prepared, such that any damages sustained after 2006 were merely continuing consequential damages from preexisting breaches that occurred when each new Palm opened with established licensing terms and cannot be used to toll the statute of limitations.
However, the trial court properly found that plaintiffs timely asserted their claims of breach of fiduciary duty in connection with the $6,000 annual fee in the 2007 and 2011 licenses for the new Palms, even if defendants had earlier agreements to pay those restaurants the same [*2]fees prior to 2006. Unlike the facts in Madison Squ. Garden, L.P. v National Hockey League (2008 WL 4547518, 2008 US Dist LEXIS 80475 [SD NY 2008]), the 2007 and 2011 licenses, even if they stated the same terms, were not mere "renewals" of prior, written agreements. Rather, they were new and fully enforceable contracts entered into between JOMR and defendants' wholly-owned restaurants within the limitations period, as they included a recital providing that "Licensor and Licensee have previously entered into a certain License Agreement and desire to enter into a new License Agreement under the terms and conditions as herein set forth," as well as a merger clause providing that "this Agreement contains all of the terms and conditions agreed upon by the parties hereto and no promises or representations have been made other than as herein set shall be valid unless made in writing executed by an authorized officer of the Licensee or Licensor." These are formal, complete agreements that have legal effect, and any associated breach of fiduciary duty occurred upon the execution of those agreements, regardless of identical breaches that occurred in connection with prior license agreements that were in place for unspecified terms and that were superseded by the new agreements. While defendants argue that the old licenses, including the $6,000 fee term, would have remained in place indefinitely even if the agreements had not been re-papered in 2007 and 2011, such that there was no injury in 2007 and 2011, the formalizing of the licenses in 2007 and 2011 was a new, overt act that constituted an injurious breach of fiduciary duty.
The claims based on license agreements with third parties are similarly not time-barred.
The court correctly rejected defendants' other affirmative defenses. The trial evidence does not establish that plaintiffs' predecessors in interest had sufficient knowledge of the licensing fee terms of the prior agreements to permit a finding that they acquiesced in or ratified those agreements and terms so as to preclude any later claims of breach of fiduciary duty based on defendants' execution of subsequent agreements containing the same terms (see e.g. Tierno v Puglisi, 279 AD2d 836, 839 [3d Dept 2001]). Nor does the evidence establish that any acquiescence to or ratification of agreement terms by predecessor shareholders on behalf of the nominal corporations was unanimous (see e.g. Winter v Bernstein, 177 AD2d 452, 453 [1st Dept 1991]). The trial evidence does not support defendants' affirmative defense of laches based on an unreasonable delay in bringing the breach of fiduciary duty claims. In any event, as the court observed, the defense of laches is not available to a fiduciary unless the fiduciary openly repudiates the relationship (see Matter of Barabash, 31 NY2d 76, 82 [1972]; Knobel v Shaw, 90 AD3d 493, 496 [1st Dept 2011]), and the trial evidence does not establish that defendants' self-dealing use of the intellectual property was done in a manner that openly repudiated their fiduciary duties.
With respect to the damages award, the court correctly credited the expert testimony of plaintiffs' expert, Pamela O'Neill, as to the appropriate royalty rate that should have been set after 2006 for the use of the intellectual property, and declined to credit the testimony of defendants' experts. Defendants failed to show that O'Neill's analysis was flawed and should not have been followed. Nor did defendants establish that the court otherwise erred in awarding damages and remedies to plaintiffs.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK