HOV Servs., Inc. v ASG Tech. Group, Inc. (2023 NY Slip Op 00237)

HOV Servs., Inc. v ASG Tech. Group, Inc.

2023 NY Slip Op 00237

Decided on January 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 19, 2023

Before: Renwick, J.P., Webber, Moulton, González, Rodriguez, JJ. 

Index No. 657346/20 Appeal No. 17134 Case No. 2022-00865 

[*1]HOV Services, Inc., Plaintiff-Respondent-Appellant,
v
ASG Technologies Group, Inc., Defendant-Appellant-Respondent.

Chiesa Shahinian & Giantomasi PC, New York (Ronald L. Israel of counsel), and Stokes Lawrence, P.S., Seattle, WA (Shannon Jost of the Bar of the State of Washington, admitted Pro Hac Vice, of counsel), for appellant-respondent.
Tarter Krinsky & Drogin, LLP, New York (Richard C. Schoenstein of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered January 28, 2022, which, insofar as appealed from as limited by the briefs, (a) granted defendant's motion to dismiss as to plaintiff's fraudulent inducement claim, but denied it as to plaintiff's breach of the implied covenant of good faith and fair dealing claim and affirmative defense and declaratory judgment claim; (b) granted defendant's motion for partial summary judgment as to plaintiff's fraud and waiver affirmative defenses, but denied it as to plaintiff's breach of the implied covenant of good faith and fair dealing claim and affirmative defense, declaratory judgment claim and duress affirmative defense, and estoppel affirmative defense; (c) granted plaintiff's motion for partial summary judgment to the extent of limiting defendant's counterclaim for breach of the overlapping customer restriction in Exhibit D to claims arising on or after November 30, 2016; and (d) excluded the opinion of plaintiff's expert that the parties' databases were dissimilar, unanimously modified, on the law, to grant defendant's motion for partial summary judgment as to plaintiff's breach of the implied covenant of good faith and fair dealing claim and defense, estoppel defense, and declaratory judgment claim and duress defense, and it is declared that Exhibit E is an enforceable agreement and that it was not signed by plaintiff under duress or procured by defendant through fraud, and otherwise affirmed, without costs.
This dispute arises out of plaintiff's licensing of defendant's software pursuant to a 2005 software license agreement, as amended by Exhibit D, which extended the term of the license from September 30, 2015 through September 29, 2018, and Exhibit E, which extended the term of the license from September 30, 2018 through September 29, 2023.
Plaintiff's economic duress-based declaratory judgment claim and defense to enforcement of Exhibit E should be dismissed. Defendant had no duty to extend the term of or renew plaintiff's license on any particular terms and was well within its rights to allow the license to expire pursuant to the terms of Exhibit D (see 805 Third Ave. Co. v M.W. Realty Assoc., 58 NY2d 447, 453 [1983]; 767 Third Ave. LLC v ORIX Capital Mkts., LLC, 26 AD3d 216, 218 [1st Dept 2006], lv denied 8 NY3d 803 [2007]). In addition, the pressure experienced by plaintiff to renew the license so as to not lose access to customer data was partly of its own making insofar as it failed to take steps earlier to negotiate license renewal or make alternate arrangements, despite its awareness of the scheduled license expiration (see Philips S. Beach, LLC v ZC Specialty Ins. Co., 55 AD3d 493, 493 [1st Dept 2008], lv denied 12 NY3d 713 [2009]; Pilgrim Homes & Garages v Fiore, 75 AD2d 846, 848 [2d Dept 1980], lv dismissed 51 NY2d 702 [1980]). Plaintiff's claim that defendant refused to correct a premature license expiration until Exhibit E was executed is not supported by the record[*2].
Plaintiff's breach of the implied covenant of good faith and fair dealing claim and defense to enforcement of Exhibit E should also be dismissed on the merits. As explained above, plaintiff had no contractual right to use defendant's software after its license expired and defendant had no duty to extend or renew the license on any particular terms. "No obligation can be implied . . . which would be inconsistent with other terms of the contractual relationship" (Murphy v American Home Prods. Corp., 58 NY2d 293, 304 [1983]; see also Fiore Fin. Corp. v Gaea N. Am., LLC, 179 AD3d 621, 621-622 [1st Dept 2020]; 87 Mezz Member LLC v German Am. Capital Corp., 162 AD3d 524, 525 [1st Dept 2018]).
Plaintiff's fraudulent inducement claim and fraud defense to enforcement of the overlapping customer restrictions were properly dismissed. Although issues of fact exist regarding defendant's knowledge of the existence of overlapping customers, plaintiff's claim must nonetheless fail because it is premised on an alleged omission and the parties were not in a fiduciary relationship (see Cobalt Partners, L.P. v GSC Capital Corp., 97 AD3d 35, 42 [1st Dept 2012]). It is also clear that defendant did not have any contractual duty to provide a customer list. Plaintiff's reliance on the "special facts" doctrine is misplaced because plaintiff was equally capable of discovering the existence of overlapping customers (see Silver Point Capital Fund, L.P. v Riviera Resources, Inc., 198 AD3d 432, 433 [1st Dept 2021]; see also generally Jana L. v W. 129th St. Realty Corp., 22 AD3d 274, 277-278 [1st Dept 2005]).
Plaintiff's waiver defense to enforcement of the overlapping customer restrictions was also properly dismissed as foreclosed by the license agreement's no-waiver and no-oral-modification provisions (see Plotch v 375 Riverside Dr. Owners, Inc., 92 AD3d 478, 478 [1st Dept 2012]). Although such provisions may themselves be waived, here, there was no clear manifestation of intent to do so and no more than a "passive acceptance" of benefits (see BDCM Opportunity Fund II, LP v Yucaipa Am. Alliance Fund I, LP, 112 AD3d 509, 511 [1st Dept 2013], lv denied 22 NY3d 1171 [2014]; see also generally Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 101, 104-106 [2006]; Aiello v Burns Intl. Sec. Servs. Corp., 110 AD3d 234, 245 [1st Dept 2013]).
Plaintiff's estoppel defense should also be dismissed with respect to both Exhibits D and E for the same reason as the fraud defense — i.e., the absence of any duty to disclose (see Fisher Bros. Sales, Inc. v United Trading Co. Desarrollo y Comercio, 191 AD2d 310, 311-312 [1st Dept 1993]; K. Bell & Assoc. v Lloyd's Underwriters, 1997 US Dist LEXIS 2417, *20, 1997 WL 96551, *7 [SD NY Mar. 5, 1997, No. 92 Civ 5249 (AJP)(KTD)], affd 1997 US App LEXIS 31872, 1997 WL 701387 [2d Cir, Nov. 10, 1997, No. 97-7397]).
The motion court appropriately limited defendant's counterclaim for breach of the overlapping customer restriction [*3]to conduct arising within the two years preceding defendant's assertion of the same counterclaim in a prior federal action. Although this claim was subject to a two-year contractual limitation provision, the overlapping customer restriction constituted a continuing duty, which was breached anew at least each time a new contract was entered into, even if with the same overlapping customer (see CWCapital Cobalt VR Ltd. v CWCapital Invs. LLC, 195 AD3d 12, 17-20 [1st Dept 2021]; Ganzi v Ganzi, 183 AD3d 433, 434-435 [1st Dept 2020]; Matter of Yin Shin Leung Charitable Found. v Seng, 177 AD3d 463, 464 [1st Dept 2019]).
The opinion of plaintiff's expert that the parties' databases were dissimilar was properly excluded based on the admissions of plaintiff and its expert that the expert's analysis did not require any technical expertise (see De Long v County of Erie, 60 NY2d 296, 307 [1983]; GMAC Commercial Credit v Mitchell-B.J., Ltd., 272 AD2d 51, 51 [1st Dept 2000]). The fact that the request to exclude was first made in defendant's opposition papers is not a bar to its consideration (see Wimbledon Fin. Master Fund, Ltd. v Laslop, 169 AD3d 550, 551 [1st Dept 2019]) — especially in view of plaintiff's opportunity to respond and failure to raise this objection below. Plaintiff's argument that its expert should nonetheless be allowed to offer the disputed testimony as a fact witness is unavailing, as lay witnesses are not ordinarily permitted to offer opinion testimony, and this is not a case where it is "impossible to accurately describe the facts without stating an opinion or impression" (People v Hackett, 228 AD2d 377, 378 [1st Dept 1996], lv denied 88 NY2d 986 [1996]), or where the testimony was otherwise necessary "to aid the jury in making an independent assessment" (People v Russell, 79 NY2d 1024, 1025 [1992]).
In view of our disposition of these issues, we need not reach the parties' arguments with respect to the timeliness of plaintiff's fraudulent inducement and declaratory judgment claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2023