**HOV Servs., Inc. v ASG Techs. Group, Inc.**

2024 NY Slip Op 30456(U)

February 9, 2024

Supreme Court, New York County

Docket Number: Index No. 657346/2020

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------X

HOV SERVICES, INC.,

                                        Plaintiff,

                    - v -

ASG TECHNOLOGIES GROUP, INC.,

                                    Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 657346/2020 |
| **MOTION DATE** | 01/17/2024, 01/17/2024, 01/17/2024, 01/17/2024 |
| **MOTION SEQ. NO.** | 017 019 020 021 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 017) 444, 445, 484, 491, 492

were read on this motion to/for                     PRECLUDE                  .

The following e-filed documents, listed by NYSCEF document number (Motion 019) 450, 451, 452, 453, 454, 455, 456, 457, 458, 507, 508, 509, 510, 511, 512

were read on this motion to/for                     PRECLUDE                  .

The following e-filed documents, listed by NYSCEF document number (Motion 020) 459, 460

were read on this motion to/for                     SEAL                  .

The following e-filed documents, listed by NYSCEF document number (Motion 021) 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 513

were read on this motion to/for                     PRECLUDE                  .

Upon the foregoing documents, the motions *in limine* are decided as set forth on the record

(2.7.24 and 2.8.24) and as set forth below.

By way of background, reference is made to (i) a prior Decision and Order of this Court (the

**Prior Decision**; NYSCEF Doc. No. 371), dated January 27, 2022, which (x) dismissed HOV's

**657346/2020   HOV SERVICES, INC. vs. ASG TECHNOLOGIES GROUP, INC.**
**Motion No.  017 019 020 021**

Page 1 of 9

causes of action for fraudulent inducement and violation of GBL § 349, (y) dismissed HOV's affirmative defenses of fraud and waiver, and (z) limited ASG's claims under the Overlapping Customer Restriction to claims arising on or after November 30, 2016, and (ii) a Decision and Order of the Appellate Division (the **Appellate Decision**; *HOV Services, Inc. v ASG Tech. Group, Inc.*, 212 AD3d 503 [1st Dept 2023]), which (w) dismissed HOV's economic duress claim and defense to enforcement of Exhibit E, (x) dismissed HOV's fraudulent inducement claim, fraud, waiver, and estoppel defenses, (y) declared that Exhibit E is an enforceable agreement, and (z) finding that the Overlapping Customer Provision was a continuing duty. Many of the issues that are the subject of these motions *in limine* were squarely addressed by the Appellate Decision such that relitigating them here would be to argue against the law of the case.

### I. HOV's motion (Mtn. Seq. No. 017) to exclude evidence regarding Overlapping Customers without new agreements executed during the limitations period is denied.

The Appellate Decision is instructive on this point:

> The motion court appropriately limited defendant's counterclaim for breach of the overlapping customer restriction to conduct arising within the two years preceding defendant's assertion of the same counterclaim in a prior federal action. Although this claim was subject to a two-year contractual limitation provision, the overlapping customer restriction constituted a continuing duty, which was breached anew at least each time a new contract was entered into, even if with the same overlapping customer

(*HOV Services, Inc. v ASG Tech. Group, Inc.*, 212 AD3d 503, 506 [1st Dept 2023]). As such, the continuing wrong doctrine does apply to this case (*CWCapital Cobalt VR Ltd. v CWCapital Investments LLC*, 195 AD3d 12, 19 [1st Dept 2021] [applying the continuing wrong doctrine where there was a continuing duty to manage an investment]). Each time HOV provided services during the relevant period to one of its customers in violation of the Agreement, an

independently actionable claim with its own limitations period arose, but that does not extend the period for claims outside of the limitations period (*i.e.*, before November 30, 2016) (*see id*. at 19-20; *id*. at 23 [Scarpulla, J. (dissenting)]; *Moses v Dunlop*, 155 AD3d 466, 468 [1st Dept 2017]). *Ganzi v Ganzi* (183 AD3d 433, 434 [1st Dept 2020]) does not change this result – that case does not stand for the proposition that an additional contract or re-execution is necessary for the continuing wrong doctrine to apply. Thus, the motion is denied.

## II. HOV's motion (Mtn. Seq. No. 019) to preclude evidence regarding ASG's list prices is denied.

Exhibit E, which the Appellate Decision already held is an enforceable agreement, addresses this issue by its express terms. Firstly, Exhibit E authorized HOV to use the Mobius software solely to provide services to HOV's ASP customers, but HOV was specifically *not* authorized to service ASG's clients with the Mobius software (**Exhibit E**; NYSCEF Doc. No. 3, at 1; *id*. at 4). Further, HOV was not allowed to do processing for the benefit of anyone but themselves or otherwise except in accordance with the Agreement:

> Except as otherwise expressly provided in this Exhibit, Licensee shall not transfer, sublease, assign or deliver Software to other equipment, another location, or another company-including but not limited to as a consequence of merger, acquisition, divestiture, change of ownership, or change of control-or provide or otherwise make Software available to anyone other than Licensee's employees *or do processing for the benefit of any entity other than as stated above* unless Licensee shall have obtained ASG's prior written consent and paid the applicable fees which shall not exceed fifty percent (50%) of ASG's then-current list price (with no discounts applied) for the Software.

(*id*., at 5 [emphasis added].) As discussed at length on the record (2.7.24), the "do processing for the benefit of any entity other than as stated above" applies to the Overlapping Customer

657346/2020   HOV SERVICES, INC. vs. ASG TECHNOLOGIES GROUP, INC.                        Page 3 of 9
Motion No.  017 019 020 021

3 of 9

scenario because any servicing of those Overlapping Customers is (i) specifically disallowed by the agreement and (ii) such servicing would require using the Mobius software to process the Overlapping Customers' document retrieval and storage requests. As such, servicing these customers required, under Exhibit E, ASG's written consent and the payment of applicable fees, which were capped at fifty percent of ASG's then-current list price. The fact that HOV negotiated a price ceiling and otherwise protected themselves from any future increases in ASG's list prices suggests that this provision was specifically negotiated by HOV for their own protection. The motion is denied.

### III. HOV's motion (Mtn. Seq. No. 020) to seal documents is granted solely to the extent set forth below.

As set forth on the record (2.7.24), good cause exists for sealing (i) NYSCEF Doc. No. 454, as the same source document was already sealed by this Court and (ii) NYSCEF Doc. No. 455, but the Defendant shall upload a redacted version of NYSCEF Doc. No. 455, redacting that document as discussed on the record (2.7.24), and (iii) NYSCEF Doc. No. 458. NYSCEF Doc. No. 453 is not sealed, as no good cause has been shown therefor.

### IV. ASG's motion (Mtn. Seq. No. 021) to preclude is granted solely to the extent set forth below.

The branch of the motion seeking an adverse inference is denied at this time. A party seeking sanctions based on the spoliation of evidence must demonstrate (i) that the party with control over the evidence had an obligation to preserve it at the time it was destroyed, (ii) that the records were destroyed with a culpable state of mind, and (iii) that the destroyed evidence was

657346/2020   HOV SERVICES, INC. vs. ASG TECHNOLOGIES GROUP, INC.
Motion No.  017 019 020 021

Page 4 of 9

relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense (*VOOM HD Holdings LLC v EchoStar Satellite LLC*, 93 AD3d 33, 45 [1st Dept 2012]).

As discussed on the record (2.7.24 and 2.8.24), the record before the Court is simply not clear as to whether spoliation sanctions are warranted at this time. In the 2018 federal litigation, HOV sued seeking to have the federal court declare that Exhibit E was not enforceable and otherwise alleged that their "servers" were damaged by virtue of ASG sending a code through the Mobius software. The servers are available to ASG in this litigation. However, certain logs from the servers are not. Two types of logs apparently existed – Audit Logs and Activity Logs. Audit Logs seem to record Mobius software activities. Activity Logs seem to record when and what type of software was installed on that specific server. Audit Logs are not generated automatically. They must be manually "turned on." The record before the Court is simply unclear as to whether this ever in fact occurred (NYSCEF Doc. No. 500, pages 176-177, lines 20-16). These logs would be relevant to the issue of processing activity and may be relevant to the issue of whether processing activity occurred for "overlapping customers." The record however is also unclear as to whether the log would have captured which customer the processing activity was completed for. Finally, it is unclear from the record if the Audit Log would have captured any information relevant to any "secret code" allegedly sent by ASG such that it would have been relevant to any claims in the federal action. In other words, the record is unclear as to whether the Audit Logs had information relevant to the federal action such that there was a litigation hold in place as to the Audit Logs. The Activity Log on the other hand would have been relevant to how many servers had the Mobius software. This presumably

657346/2020   HOV SERVICES, INC. vs. ASG TECHNOLOGIES GROUP, INC.          Page 5 of 9
Motion No.  017 019 020 021

5 of 9

would have been relevant to the claims about the "secret code" being sent to servers with the Mobius software such that there would have been a duty to preserve these logs as of that time. But it is not clear from the record whether the information regarding the damage to the servers was otherwise available or the information as to which servers had the Mobius software is otherwise available from the email evidence adduced. As such, the argument made at oral argument (2.7.24 and 2.8.24) for a litigation hold violation based on the federal action fails at this time.

The record does however suggest an earlier date for a litigation hold than that set forth in the papers (*i.e.,* the two dates proffered by ASG were July 3, 2019 [Interrogatory and Requests asking for the location and date range of CPUs deploying the Mobius software] and December 9, 2020 – [ASG amending Counterclaims in the prior federal proceeding Case No. 1:18-cv-09780 to allege that HOV exceeded the number of servers allowed under Exhibit E; NYSCEF Doc. No. 462, at 7-9]). In February 2019 in the federal action, ASG made certain document demands including:

> All Documents and Communications Concerning HOV's use of ASG Software from September 30, 2018 to the present.

(NYSCEF Doc. No. 479, at 3.)

On March 8, 2019, HOV responded (*id.*, at 4). As of this time, HOV was certainly on notice as to the relevance of the logs such that there was a duty to preserve the logs. The information in the logs that ASG seeks however would have been destroyed at that time because the servers re-write every approximately 30 days (NYSCEF Doc. No. 470, pages 186-187, lines 1-12) and

**657346/2020   HOV SERVICES, INC. vs. ASG TECHNOLOGIES GROUP, INC.**
**Motion No.  017 019 020 021**

**Page 6 of 9**

6 of 9

[* 6]

because in 2018 HOV had already begun transitioning off the server. Exhibit D's contract period ended on September 29, 2018. Exhibit E began on September 30, 2018. The parties do not dispute that HOV moved away from ASG's software. In fact, ASG claims that HOV reverse engineered their software such that this other "reverse engineered" software would have presumably been in the Activity Log as of February 2019 – the date of the litigation hold. If at trial, the above issues are resolved in a manner suggesting that spoliation did in fact occur, as discussed, the Court shall give an appropriate instruction to the jury.

The branch of the motion seeking to preclude HOV from arguing it did not provide services using the Mobius software to the customers listed in HOV's Responses to Interrogatory Nos. 2 & 3 (NYSCEF Doc. No. 473) is denied. Interrogatory Nos. 2 & 3 are perfectly permissible to use at trial and may be introduced as admissions, but their later response creates an issue to be explored in front of the jury as to what was meant by certain language in that response.

The branch of the motion seeking to (i) preclude HOV from challenging the validity of Exhibit E, (ii) preclude HOV from attempting to vary the terms of Exhibit E, and (iii) preclude HOV from asserting that ASG should have granted a license renewal on different terms is granted, as the Agreement is enforceable, contains a merger clause, and these issues were otherwise squarely addressed by the Appellate Decision.

The branch of the motion seeking to preclude HOV from seeking consequential damages or lost profits relating to the service outage is granted, as the limitation of liability provisions of the Agreement are applicable and limit ASG's liability for the software outage in question:

**657346/2020   HOV SERVICES, INC. vs. ASG TECHNOLOGIES GROUP, INC.**          **Page 7 of 9**
**Motion No.  017 019 020 021**

[ASG] SHALL NOT BE LIABLE FOR ANY LOSS OR DAMAGE THAT MAY ARISE IN CONNECTION WITH THE FURNISHING, PERFORMANCE OR USE BY LICENSEE OF SYSTEM INCLUDING WITHOUT LIMITATION, ANY SPECIAL, INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES, *INCLUDING BUT NOT LIMITED TO, LOSS OF REVENUES AND LOSS OF PROFITS.*

(NYSCEF Doc. No. 3 § 8 ["Liability"] [emphasis added].) As discussed on the record (2.7.24-2.8.24), HOV has not articulated any sufficient basis upon which to disregard the contractual limitations on liability under the circumstances of this case.

Accordingly, it is hereby

ORDERED that HOV's motion (Mtn. Seq. No. 017) to preclude evidence is denied; and it is further

ORDERED that HOV's motion (Mtn. Seq. No. 019) to preclude evidence is denied; and it is further

ORDERED that ASG's motion to preclude evidence (Mtn. Seq. No. 021) is granted solely to the extent set forth in this Decision and Order; and it is further

ORDERED that the Clerk of the Court is directed, upon service on him of a copy of this order with notice of entry, to seal NYSCEF Doc. Nos. 454, 455 & 458 and to separate these documents and to keep them separate from the balance of the file in this action; and it is further

657346/2020  HOV SERVICES, INC. vs. ASG TECHNOLOGIES GROUP, INC.
Motion No.  017 019 020 021

Page 8 of 9

ORDERED that the Defendants shall upload redacted versions of NYSCEF Doc. No. 455 to the public docket in accordance with this Decision and Order; and it is further

ORDERED that thereafter, or until further order of the court, the Clerk of the Court shall deny access to the said sealed documents to anyone (other than the staff of the Clerk or the court) except for counsel of record for any party to this case and any party; and it is further

ORDERED that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20240209143517AB0RR0K9183B368B89E1BBBB3B3B620D98D95C8

__2/9/2024__
**DATE**

_____
**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**657346/2020   HOV SERVICES, INC. vs. ASG TECHNOLOGIES GROUP, INC.**
**Motion No.  017 019 020 021**

**Page 9 of 9**

9 of 9

[* 9]