**Molokotos-Liederman v Molokotos**

2024 NY Slip Op 31450(U)

April 19, 2024

Supreme Court, New York County

Docket Number: Index No. 654888/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LYLE E. FRANK

*Justice*

PART      11M

---------------------------------------------------------------------------------X

POLYXENI (LINA) MOLOKOTOS-LIEDERMAN,

           Plaintiff,

- v -

THANASIS MOLOKOTOS, DIANE VARDAKAS
MOLOKOTOS, HELEN STASSINOPOULOS MOLOKOTOS,
JAMES SPANOS, PENNY SPANOS

           Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654888/2023 |
| MOTION DATE | 11/30/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 49, 51, 52, 53, 54, 55, 56, 57, 65

were read on this motion to/for            DISMISSAL            .

This action arises out of allegations that plaintiff, as beneficiary of a trust, has suffered damages based on the defendants' breach of their fiduciary duties, among other alleged acts of misconduct[1].

Defendants James Spanos and Penny Spanos move to dismiss the complaint, pursuant to CPLR § 3211(a)(3), (4) and (7) or in the alternative, to remove the action to the New York County Surrogate's Court pursuant to CPLR § 325(e). Plaintiff opposes the instant motion.

When considering a motion to dismiss based upon CPLR § 3211(a)(7), the court must accept the alleged facts as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts alleged fit into any cognizable legal theory. *Leon v. Martinez*, 84 NY2d 83 [1994]. On a motion to dismiss the court "merely examines the adequacy

---

[1] The Court notes that after oral argument of the instant motion and the other pending motion to dismiss, the parties have submitted letters. The Court has not reviewed those post argument submissions and they were not considered in rendering its decisions.

of the pleadings", the court "accept as true each and every allegation made by plaintiff and limit our inquiry to the legal sufficiency of plaintiff's claim." *Davis v Boeheim*, 24 NY3d 262, 268

The complaint contains four causes of action against James and Penny in their capacities as trustees: Count I, breach of fiduciary duty and constructive fraud, Count VI, mismanagement of trust assets, Count VII, declaratory judgment, and Count VIII, equitable accounting.

*Penny Spanos*

Movants contend that the causes of action as against Penny are time-barred. Penny became a trustee of the 2001 Trust on February 9, 2001. The January 29, 2015, amendment to the 2001 Trust removed Penny as trustee. Thus, movants contend that the statute of limitations for any claims against Penny as trustee of the 2001 Trust expired on January 29, 2018, or on January 29, 2021, at the latest. The complaint alleges that Penny is being sued in her capacity as a trustee of the 2001 Trust.

In opposition plaintiff contends "[r]ather, it stems from her role as de facto trustee for the 2015 Trust, in that she acted alongside James – whose correspondence she sends and with whom she participates in phone calls – in allowing the Molokotos Defendants to defraud Lina." Plaintiff contends that Penny's fiduciary duties rose from that context, not from her formal role in connection with the 2001 Trust which also gives rise to the doctrine of equitable estoppel, which tolls the running of the statute of limitations and renders the claims against Penny timely. Where the parties have a fiduciary relationship that creates an obligation to inform the plaintiff "of facts underlying the claim," equitable estoppel can toll the statute of limitations if the defendant conceals those facts.

In support of this argument plaintiff cites *Ganzi v Ganzi*, 183 AD3d 433, 433-34 [1st Dept 2020]. *Ganzi* however does not involve trusts or equitable estoppel, rather it involves

[* 2]

allegations of breach of fiduciary duties to shareholders based on executing various licensing agreements. *Ganzi* is distinguishable from the instant matter and plaintiff does not expand on the basis for its reliance.

Plaintiff also cites to *Nick*, which stands, in part, for the proposition that when it is defendant's own "acts of deception" that prevents the commencement of litigation, there is a question of fact as to whether the doctrine of equitable estoppel should apply to toll the statute of limitations (*Nick v Greenfield*, 299 AD2d 172, 173 [1st Dept 2002]).

As to plaintiff's arguments regarding a de facto trustee, plaintiff has not cited to any legal authority or factual allegations to support that contention. Plaintiff urges this Court to deem its own lack of knowledge regarding the existence of the trust as wrongful conduct on behalf of the trustees, specifically Penny, for the purposes of tolling the statute of limitations. There are, however, no factual allegations to support the argument that equitable estoppel should apply, as there is no allegation of misconduct by the trustee defendant that prevented plaintiff from learning of the alleged wrongdoing. Rather plaintiff does not allege that Penny exercised control over the assets of the 2015 Trust or made any substantive decisions concerning the 2015 Trust at all.

Here, the Court finds that the complaint as against Penny Spanos is time-barred. Moreover, there are insufficient factual allegations to invoke any doctrine tolling or extending the statute of limitations for any causes of action as against Penny Spanos. Accordingly, the complaint is dismissed in its entirety as against Penny Spanos.

The Court will now address each cause of action as alleged against James Spanos.

Breach of Fiduciary Duty and Constructive Trust

In order to adequately plead a cause of action, plaintiff must allege the existence of a fiduciary relationship, misconduct by the defendant and damages caused by the misconduct. *See Pokoik v Pokoik*, 115 AD3d 428, 429 [1st Dept 2014]. Pursuant to CPLR § 3016(b), where a cause of action alleges breach of trust, "the circumstances constituting the wrong shall be stated in detail".

The complaint alleges that James was "never appropriately or sufficiently involved in the administration of the trusts" and either had no idea that the Molotokos defendants were misusing the assets or was "complicit in the scheme". *See* NYSCEF Doc. 2, Complaint ¶ 16. Further, the complaint alleges that in 2022, James admitted that he had not been involved in the management of the trusts for nearly 6 years. *See* id. at ¶ 18. Plaintiff alleges that it was "apparent that James […] had not actually taken any affirmative actions as Trustee. Id. at ¶ 165. Nor, did James have any signing authority or rights with respect to the real property assets held by the trust. Id. at ¶¶ 177, 182.

At this stage, the Court finds that the complaint sufficiently alleges a cause of action as against James for breach of fiduciary duty. The Court agrees that the allegations that James did nothing and was otherwise complicit in the alleged misconduct of the Molotokos defendants mishandling of trust assets are sufficient to survive the instant motion to dismiss.

Mismanagement of Trust Assets

Defendants seek to dismiss plaintiff's second cause of action for mismanagement of trust assets because it is not a cognizable claim, and it is duplicative of the breach of fiduciary cause of action.

In opposition, plaintiff contends that this is a distinct cause of action and cites to *Will of Mead*, 90 Misc 2d 144, 147 [Sur Ct 1977]; *Matter of Hahn*, 62 NY2d 821 [1984] and an article

to support this contention. Plaintiff contends that this cause of action is not duplicative of the breach of fiduciary claims because additional allegations must be made and proven to recover, unlike claims pursuant to breach of fiduciary duty. However, plaintiff does not expand upon that statement to provide the additional allegations distinguishable from the breach of fiduciary duty cause of action.

The Court finds that neither case cited by plaintiff, nor the article are persuasive or refute defendants' prima facie showing that mismanagement of trust assets is not a viable cause of action in New York and even assuming that it was is duplicative of the breach of fiduciary duty claim. Accordingly, the sixth cause of action alleging mismanagement of trust assets is dismissed.

Declaratory Judgment

Defendants contend that the complaint fails to state a cause of action as it is inappropriate in the instant action. In opposition, plaintiff contends that this cause of action should not be dismissed because the "need may arise for a judicial declaration". Plaintiff does not substantively oppose defendants' prima facie showing that the relief plaintiff seeks is duplicative of its cause of action seeking an accounting and the action pending in the Surrogates Court and is not appropriate, *see* (*Spitzer v Schussel*, 48 AD3d 233, 234 [1st Dept 2008]).

Accordingly, the seventh cause of action seeking declaratory judgment is dismissed.

Equitable Accounting

Defendants contend that this cause of action should be dismissed because plaintiff has failed to adequately plead a cause of action for breach of fiduciary duty. As the Court has previously found, the complaint sufficiently alleges facts to maintain that cause of action, as such the Court does not find that an adequate basis to dismiss this cause of action.

Defendants do not submit an alternative argument in support for the dismissal of this cause of action, as such it survives the instant motion.

The Court declines to dismiss the instant action based on the pending action in Surrogate's Court. Although the pending Surrogate's Court accounting relates to one named defendant in this action, it is undisputed that the Molotokos defendants are not parties to that action, therefore the claims asserted against them here are not duplicative of the pending action and therefore dismissal is not appropriate.

This Court does however find that movants have established that it is appropriate to remove the instant action to Surrogate's Court. In support of its removal argument defendants rely on *In re Estate of Brandt*, 81 AD2d 268 [1st Dept 1981] to support the argument that although the Molotokos defendants are not trustees the Surrogates Court may still adjudicate the claims asserted against them. In *Brandt*, the First Department held that the Surrogates Court maintained jurisdiction over the claims asserted against the non-trustee defendants. The claims there were similar to the claims asserted here, in that it is alleged that the defendants conspired or as stated here were complicit, in a scheme that diverted trust assets. The First Department held that "the Surrogate's Court should retain jurisdiction over the entire matter to provide a single forum for resolution of the claims, inextricably interwoven, against both the [third-party defendants] and the trustees." *Id*. at 278. Accordingly, it is hereby

ORDERED that defendants' motion to dismiss is granted in part in that the complaint is dismissed in its entirety as against Penny Spanos as time-barred; and it is further

ORDERED that plaintiff's sixth cause of action alleging mismanagement of trust assets is dismissed as against James Spanos; and it is further

[* 6]

ORDERED that plaintiff's seventh cause of action seeking declaratory judgment is dismissed; and it is further

ORDERED that the motion of James Spanos is granted and the remaining claims in this action shall be removed to the Surrogate's Court of said county pursuant to CPLR 325 (e); and it is further

ORDERED that, within 30 days from entry of this order, counsel for the plaintiff herein shall serve a copy of this order with notice of entry upon the Clerk of this Court and shall contact the staff of the Clerk to arrange for the effectuation of the transfer in an efficient manner; and it is further

ORDERED that the Clerk shall transfer this action and all documents filed herein to said Court; and it is further

ORDERED that such service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)]
; and it is further

ORDERED that the Clerk of this Court and the Clerk of the Surrogate's Court shall coordinate the transfer of the documents in the file in this case so as to ensure an efficient transfer and minimize insofar as practical the reproduction of documents, including with regard to documents that may be in digital format.

[* 7]

20240419130206LFRANK238CC786ABB14F6A8CF10426DA00568B

**4/19/2024**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 8]