AmTrust N. Am., Inc. v Insurance Specialty Group LLC (2025 NY Slip Op 06801)

AmTrust N. Am., Inc. v Insurance Specialty Group LLC

2025 NY Slip Op 06801

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ. 

Index No. 650020/24|Appeal No. 4920|Case No. 2024-05581|

[*1]AmTrust North America, Inc., Plaintiff-Appellant,
vInsurance Specialty Group LLC, Defendant-Respondent.

Holwell Shuster & Goldberg LLP, New York (Daniel M. Sullivan of counsel), for appellant.
Herrick, Feinstein LLP, New York (Sean E. O'Donnell of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about August 21, 2024, which, to the extent appealed from as limited by the briefs, granted defendant's CPLR 3211(a)(5) motion to dismiss plaintiff's breach of contract claim (Count One) with respect to breaches that occurred before May 19, 2017, unanimously modified, on the law, to deny the motion to the extent the claim is based on breaches other than breaches of the fiduciary duty to disclose, and otherwise affirmed, without costs.
According to the complaint, on July 1, 2010, plaintiff entered into a Managing Producer Agreement (MPA) with defendant, which, among other things, tasked defendant with the administration of an asset protection program (APP) for the benefit of plaintiff. The MPA also incorporated agreed-upon underwriting guidelines with which defendant was to comply in performing its APP functions for plaintiff's benefit. Pursuant to the APP, defendant was to issue, on plaintiff's behalf, commercial general liability and builder's risk insurance for residential general contractors, subcontractors, and others involved in residential construction.
Because plaintiff was relying on defendant's expertise and experience to administer the APP, the MPA required defendant to "perform its obligations as a fiduciary of" plaintiff and "use its best efforts to perform all acts necessary for the proper conduct of business on [plaintiff's] behalf." It further provided that a breach of defendant's fiduciary duties would constitute a "material breach" of the agreement.
As alleged, defendant breached its contractual obligations and duties over the course of the APP by failing to properly perform its underwriting duties, carelessly administering the APP, improperly servicing policies, and entering into policies on behalf of plaintiff based upon improper conflicts of interest. Plaintiff asserts that notwithstanding its fiduciary duty to disclose under the MPA, defendant repeatedly hid these known issues and conflicts from plaintiff. It was only in 2022, after massive losses began to mount, that plaintiff discovered defendant's purported mismanagement.
To the extent that Count One of the complaint is premised on contractual breaches by defendant, we hold that the doctrine of equitable estoppel is applicable. Plaintiff has sufficiently alleged, at this juncture, that defendant breached the MPA through its alleged failure to perform its underwriting duties, its careless administration of the APP, its improper servicing of policies, and its potential conflicts of interest. Plaintiff separately alleged that under the MPA, defendant was required, yet failed, to disclose to plaintiff known risks of the APP, defendant's relationship with its warranty provider, and the likelihood that its losses relative to the premiums plaintiff received would far exceed what was expected. Accepting these allegations as true and according the complaint all favorable inferences, plaintiff has sufficiently alleged at this juncture that defendant forestalled plaintiff's ability to meaningfully uncover its deficient administration of the APP, and therefore, at this stage, defendant is equitably estopped from asserting a statute of limitations defense (see Zumpano v Quinn, 6 NY3d 666, 675 [2006]; Gerzog v Goldfarb, 206 AD3d 554, 555-556 [1st Dept 2022]; Local No. 4, Intl. Assn. of Heat & Frost & Asbestos Workers v Buffalo Wholesale Supply Co., Inc., 49 AD3d 1276, 1277-1278 [4th Dept 2008]).
Plaintiff has also sufficiently shown, at this stage, that defendant's purported concealment of facts in breach of its fiduciary duty to disclose constituted separate and distinct contractual breaches that were not coterminous with the other enumerated breaches of the MPA forming the basis of plaintiff's breach of contract cause of action. Accordingly, contrary to defendant's position, the specific acts of concealment underlying plaintiff's estoppel claim are not the same acts at the heart of the vast majority of contractual breaches underlying plaintiff's substantive cause of action (cf. Knobel v Shaw, 90 AD3d 493, 494-495 [1st Dept 2011]; Transport Workers Union of Am. Local 100 AFL-CIO v Schwartz, 32 AD3d 710, 714 [1st Dept 2006], lv dismissed 7 NY3d 922 [2006]).
Nevertheless, as plaintiff concedes, equitable estoppel is not applicable to that portion of plaintiff's breach of contract claim premised on defendant's alleged breaches of its fiduciary duty to disclose (see Schwartz, 32 AD3d at 714 ["Equitable estoppel does not apply . . . where the misrepresentation or act of concealment underlying the estoppel claim is the same act forming the basis of the underlying substantive cause of action"]). Nor does the continuing wrong doctrine revive these claims insofar as they are time-barred. Although it is true that the continuing wrong doctrine "tolls the running of the statute of limitations where there is a series of independent, distinct wrongs" (see Ganzi v Ganzi, 183 AD3d 433, 434 [1st Dept 2020]), it saves claims for recovery of damages only "to the extent of wrongs committed within the applicable statute of limitations" (Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017]; accord CWCapital Cobalt VR Ltd. v CWCapital Invs. LLC, 195 AD3d 12, 20 [1st Dept 2021]). Thus, even under this doctrine, plaintiff may only avail itself of claims arising within six years of the commencement of this action (taking into account any applicable COVID-19 tolling). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025